## GENEVA U. CHAMBERS v. MINNEAPOLIS, ST. PAUL, & SAULT STE. MARIE RAILWAY COMPANY, a Corporation.

### (163 N. W. 824.)

Automobile — driver — negligence of — in operating machine — not imputable to guest.

1. The negligence of a driver of an automobile is not imputable to a guest who is not shown to have co-operated in running the car.

Note.—The great weight of authority is in accord with the case of CHAMBERS v. MINNEAPOLIS, ST. P. & S. STE. M. R. Co. in holding that the negligence of the driver of an automobile is not imputable to a guest or passenger riding in the machine who has no authority or control over the machine or the driver, as will be seen by an examination of the notes in L.R.A.1915B, 953, and L.R.A.1917A, 543, on imputed or contributory negligence of passenger riding in automobile driven by another precluding recovery against third person for injury.

Automobile — owner and driver — trip at night — failure of lights to work — — repairing of — at earliest moment — bad roads — guest continuing as passenger — in rear seat — contributory negligence — not guilty of — matter of law.

2. Where, during a trip taken at night, the lights of an automobile fail, and the owner and driver avails himself of the earliest opportunity to improvise or repair an oil lamp attached to the dash, after which the journey is continued, the driver being an experienced driver and being accompanied and assisted by one who is familiar with the roads, and where the roads are muddy and the automobile is driven slowly,—*held*, that a guest continuing the journey as a passenger in the rear seat of the car is not, as a matter of law, guilty of contributory negligence.

Contributory negligence — proximate cause — questions for jury — verdict not disturbed — exceptions to rule — conclusions — reasonableness.

3. The questions of contributory negligence and proximate cause are questions of fact for the jury, and the verdict of a jury determining such facts adversely to the defendant will not be set aside, unless the evidence is such that, in the mind of the court, reasonable men would necessarily arrive at a different conclusion, and there is no reasonable basis for them to differ in this conclusion.

Railroad company — railroad — construction of — trail of roadway intersected — long used by public — cut — negligence — question for jury.

4. The defendant railroad company, in constructing its railroad, intersected a trail or roadway which had long been used by the public, constructed therein a deep cut, and failed to guard the same,—*held*, the question of negligence is one of fact for the jury.

Railroad company — roadway — intersected by — long used by public — cut therein constructed — no warning signals — such acts may amount to negligence — though not legal highway.

5. Where it is shown that a railroad company had intersected a roadway

---

Generally, as to imputed negligence of driver of vehicle to passenger, see notes in 8 L.R.A.(N.S.) 597 and L.R.A.1915A, 761.

As to whether negligence of driver of a vehicle can be imputed to a passenger or guest riding therein, see notes in 101 Am. St. Rep. 842 and 57 Am. Rep. 483.

On duty of operator of automobile as to lights, see note in 38 L.R.A.(N.S.) 489.

On liability for operating automobile on highway without a license, see notes in 23 L.R.A.(N.S.) 561; 25 L.R.A.(N.S.) 734; 35 L.R.A.(N.S.) 699; 41 L.R.A. (N.S.) 308; 52 L.R.A.(N.S.) 801; L.R.A.1915D, 628; and L.R.A.1916E, 1225.

Generally on the question as to defects in highway as proximate cause of injury, see notes in 13 L.R.A.(N.S.) 1252 and 20 L.R.A.(N.S.) 737.

As to method of authenticating mortality tables, see note in 17 L.R.A.(N.S.) 1138.

long used by the public, and constructed therein a cut, without providing warning signals of any sort, its acts in so doing may amount to negligence even though the roadway is not a legally established highway or street.

**Automobiles — lights — front — rear — statutory requirements — failure to meet — guest riding in car — contributory negligence — none.**

6. Noncompliance with a statutory requirement that automobiles should be supplied with two lights at the front of the car does not, as a matter of law, amount to contributory negligence on the part of a guest riding in the car.

**Automobiles — owner and driver — guest riding in — death of — damages — failure to renew license — does not preclude recovery.**

7. The failure of an owner and driver of an automobile to renew his license from the state does not preclude a recovery of damages for negligence of the defendant which caused the death of an occupant.

**Life — probable duration of — evidence — absence of — standard — judicial notice — Carlisle tables of mortality — statute.**

8. In the absence of evidence going to establish the probable duration of life or expectancy of one whose death resulted from the negligent act of another, the court may take judicial notice of any standard mortality tables and instruct the jury as to the facts stated therein. While the statute makes the Carlisle mortality tables admissible as evidence of such fact, it does not preclude the court from taking judicial notice of such tables as are generally used to establish life expectancy.

Opinion filed March 26, 1917.   Rehearing denied June 16, 1917.

Appeal from Ramsey County, *Chas. M. Cooley,* Special Judge.

*Flynn & Traynor (A. H. Bright* and *John L. Erdall,* of counsel), for appellant.

When request is made it is proper for the jury, under directions of the court, to view the premises where the accident occurred even though things have been changed to some extent since the accident. Osgood v. Chicago, 154 Ill. 194, 41 N. E. 40; Springer v. Chicago, 135 Ill. 552, 12 L.R.A. 609, 26 N. E. 514; Northwestern Mut. L. Ins. Co. v. Sun Ins. Office, 85 Minn. 65, 88 N. W. 272; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934; 38 Cyc. 1313.

The appellate court has power to revise the trial judge's action upon a motion for a view by the jury. Rodgers v. Hodge, 18 Ann. Cas. 732, note; Beck v. Staats, 80 Neb. 482, 16 L.R.A.(N.S.) 768, 114 N. W. 633; South Covington & C. Street R. Co. v. Finan, 153 Ky. 340, 155 S. W. 742.

Where the court's instructions to the jury as to the application of the annuity and mortality tables are not accurate, they either mislead or confuse the jury.    Atlantic Coast Line R. Co. v. Powell, 127 Ga. 805, 9 L.R.A.(N.S.) 769, 56 S. E. 1006, 9 Ann. Cas. 553; Ruehl v. Lidgerwood Rural Teleph. Co. 23 N. D. 6, L.R.A.—, —, 135 N. W. 793, Ann. Cas. 1914C, 680; Rofer v. Northern P. R. Co. 25 N. D. 394, 142 N. W. 22.

The remarks of counsel with reference to "his opinion" as to the admissibility of certain evidence and the wrongful admission of evidence in the first place are not offset or cured by the court thereafter striking out such evidence.    The damage has been done.    Crisp v. State Bank, 32 N. D. 263, 155 N. W. 78.

Questions asked a witness touching former and different statements from his present testimony are proper, and their disallowance is error. 7 Enc. Ev. 67; Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747; Ashton v. Ashton, 11 S. D. 610, 79 N. W. 1001; 40 Cyc. 2714.

"Every such automobile or motorcycle shall also be provided with lights, the automobile to carry not less than two lights in front of such machine, one of which to be on either side, and the motorcycle to carry at least one light."   Comp. Laws 1913, §§ 2973, 2976; Robillard v. Minneapolis, St. P. & S. Ste. M. R. Co. L.R.A.1915B, 953, 133 C. C. A. 9, 216 Fed. 506.

A failure to comply with this statute was clearly such negligence as to prevent a recovery on the part of those in charge of the car.   Lauson v. Fond du Lac, 141 Wis. 57, 25 L.R.A.(N.S.) 40, 135 Am. St. Rep. 30, 123 N. W. 629.

Running an automobile without sufficient light was negligence in itself, regardless of any statute sufficient to defeat a recovery.   Giles v. Ternes, 93 Kan. 140, 143 Pac. 491; Newcomb v. Boston Protective Dept. 146 Mass. 596, 4 Am. St. Rep. 354, 16 N. E. 555; Feeley v. Melrose, 205 Mass. 329, 27 L.R.A.(N.S.)) 1156, 137 Am. St. Rep. 445, 91 N. E. 306; Chase v. New York C. & H. R. R. Co. 208 Mass. 137, 94 N. E. 377; Zoltovski v. Gzella, 159 Mich. 620, 26 L.R.A.(N.S.) 435, 134 Am. St. Rep. 752, 124 N. W. 527; Fenn v. Clark, 11 Cal. App. 79, 103 Pac. 944; Griffith v. Baltimore & O. R. Co. 44 Fed. 574; Morris v. Chicago, M. & St. P. R. Co. 26 Fed. 22; Cable v. Spokane

& I. E. R. Co. 150 Wash. 619, 23 L.R.A.(N.S.) 1224, 97 Pac. 744; Donnelly v. Brooklyn City R. Co. 109 N. Y. 16, 15 N. E. 733; Nelson v. Spokane, 45 Wash. 31, 8 L.R.A.(N.S.) 636, 122 Am. St. Rep. 881, 87 Pac. 1048, 13 Ann. Cas. 280.

To drive an automobile of great weight and power at night in the dark, under such circumstances and such conditions that an obstruction or excavation cannot be avoided within the distance lighted by the lamp or lamps on the car, is negligence such as will bar recovery by those in the car. It was a violation of the law. Comp. Laws 1913, § 2976(b); Feeley v. Melrose, 205 Mass. 329, 27 L.R.A.(N.S.) 1156, 137 Am. St. Rep. 445, 91 N. E. 306; Chase v. New York C. & H. R. R. Co. 208 Mass. 137, 94 N. E. 377; Dudley v. Northampton Street R. Co. 202 Mass. 443, 23 L.R.A.(N.S.) 561, 89 N. E. 25.

The right to operate such machines is not an unrestricted right, but it is a privilege which can be exercised only in accordance with the legislative restrictions. Ex parte Kneedler, 243 Mo. 632, 40 L.R.A. (N.S.) 622, 147 S. W. 983, Ann. Cas. 1913C, 923; Doherty v. Ayer, 197 Mass. 241, 14 L.R.A.(N.S.) 816, 125 Am. St. Rep. 355, 83 N. E. 677; Banks v. Highland Street R. Co. 136 Mass. 485; Holden v. McGillicuddy, 215 Mass. 563, 102 N. E. 923; Dean v. Boston Elev. R. Co. 217 Mass. 495, 105 N. E. 616; Rebillard v. Minneapolis, St. P. & S. Ste. M. R. Co. L.R.A.1915B, 953, 133 C. C. A. 9, 216 Fed. 506; Little v. Hackett, 116 U. S. 366, 29 L. ed. 652, 6 Sup. Ct. Rep. 391; Union P. R. Co. v. Lapsley, 16 L.R.A. 800, 2 C. C. A. 149, 4 U. S. App. 542, 51 Fed. 174; Winona v. Botzet, 23 L.R.A.(N.S.) 204, 94 C. C. A. 563, 169 Fed. 321, 21 Am. Neg. Rep. 445; Dyer v. Erie R. Co. 71 N. Y. 229, 12 Am. Neg. Cas. 347; Brickell v. New York C. & H. R. R. Co. 120 N. Y. 290, 17 Am. St. Rep. 648, 24 N. E. 449; Covington Transfer Co. v. Kelly, 36 Ohio St. 86, 38 Am. Rep. 558, 12 Am. Neg. Cas. 461; Wabash, St. L. & P. R. Co. v. Shacklet, 105 Ill. 364, 44 Am. Rep. 791; Davis v. Chicago R. I. & P. R. Co. 16 L.R.A.(N.S.) 424, 88 C. C. A. 488, 159 Fed. 10; Brommer v. Pennsylvania R. Co. 29 L.R.A.(N.S.) 924, 103 C. C. A. 135, 179 Fed. 577; Dean v. Pennsylvania R. Co. 129 Pa. 524, 6 L.R.A. 143, 15 Am. St. Rep. 733, 18 Atl. 718.

Where, with full knowledge of all such facts, plaintiff still remained in the car, no recovery can be had. Plaintiff could have avoided the

danger. Shultz v. Old Colony Street R. Co. 193 Mass. 323, 8 L.R.A. (N.S.) 597, 118 Am. St. Rep. 502, 79 N. E. 873, 9 Ann. Cas. 402; Partridge v. Boston & M. R. Co. 107 C. C. A. 49, 184 Fed. 211; Davis v. Chicago, R. I. & P. R. Co. 16 L.R.A.(N.S.) 424, 88 C. C. A. 488, 159 Fed. 10; Monongahela River Consol. Coal & Coke Co. v. Schinnerer, 117 C. C. A. 193, 196 Fed. 382.

The circumstances and conditions coming to plaintiff's notice at the time and after the lights went out were such as to indicate danger and gave him an opportunity to avert it, and he should not have proceeded further, and in such case negligence is just as strongly imputed to him as to the driver. Reynolds v. Great Northern R. Co. 29 L.R.A. 695, 16 C. C. A. 435, 32 U. S. App. 577, 69 Fed. 808; Lawrence v. Fitchburg & L. Street R. Co. 201 Mass. 489, 87 N. E. 898; Jefson v. Crosstown Street R. Co. 72 Misc. 103, 129 N. Y. Supp. 233.

His acts really amount to an acquiescence in the driver's carelessness, and render him chargeable therewith, and defeat his right to recover for injuries sustained. Read v. New York C. & H. R. R. Co. 123 App. Div. 228, 107 N. Y. Supp. 1068; Pouch v. Staten Island Midland R. Co. 142 App. Div. 16, 126 N. Y. Supp. 738; Brommer v. Pennsylvania R. Co. 29 L.R.A.(N.S.) 924, 103 C. C. A. 135, 179 Fed. 577; Brickell v. New York C. & H. R. R. Co. 120 N. Y. 290, 17 Am. St. Rep. 648, 24 N. E. 449; Stone v. Northern P. R. Co. 29 N. D. 480, 151 N. W. 36; Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Lightfoot v. Winnebago Traction Co. 123 Wis. 479, 102 N. W. 30; Beaucage v. Mercer, 206 Mass. 492, 138 Am. St. Rep. 401, 92 N. E. 774.

The wife may be denied a recovery because of the negligence of her husband while riding with him. Yahn v. Ottumwa, 60 Iowa, 429, 15 N. W. 257; Donnelly v. Brooklyn City R. Co. 109 N. Y. 16, 15 N. E. 733.

Plaintiff was "conscious of the danger" of riding in the automobile without lights. He "made no objection or effort to avoid the danger," and he was guilty of contributory negligence. Omaha & R. Valley R. Co. v. Talbot, 48 Neb. 627, 67 N. W. 599; Hanson v. Manchester Street R. Co. 73 N. H. 395, 62 Atl. 595; New York, C. & St. L. R. Co. v. Robbins, 38 Ind. App. 172, 76 N. E. 804; Lake Shore & M.

S. R. Co. v. Boyts, 16 Ind. App. 640, 45 N. E. 812; Brannen v. Kokomo, G. & J. Gravel Road Co. 115 Ind. 115, 7 Am. St. Rep. 411, 17 N. E. 202; McDonald v. Yoder, 80 Kan. 25, 101 Pac. 468; Vincennes v. Thuis, 28 Ind. App. 523, 63 N. E. 315; Bush v. Union P. R. Co. 62 Kan. 709, 64 Pac. 624; Holden v. Missouri R. Co. 177 Mo. 456, 76 S. W. 973; Colorado & S. R. Co. v. Thomas, 33 Colo. 517, 70 L.R.A. 681, 81 Pac. 801, 3 Ann. Cas. 700, 18 Am. Neg. Rep. 316; Lynn v. Goodwin, 170 Cal. 112, L.R.A.1915E, 588, 148 Pac. 927, 9 N. C. C. A. 915; Flynn v. Chicago City R. Co. 250 Ill. 460, 95 N. E. 449; 29 Cyc. 460; Texas Co. v. Voloz, — Tex. Civ. App. —, 162 S. W. 377; Platte & D. Canal & Mill. Co. v. Dowell, 17 Colo. 376, 30 Pac. 68; Osborne v. Van Dyke, 113 Iowa, 557, 54 L.R.A. 367, 85 N. W. 784; Klatt v. N. C. Foster Lumber Co. 97 Wis. 641, 73 N. W. 563; Nickey v. Steuder, 164 Ind. 189, 73 N. E. 117; Burk v. Creamery Package Mfg. Co. 126 Iowa, 730, 106 Am. St. Rep. 377, 102 N. W. 793, 18 Am. Neg. Rep. 62; Tvedt v. Wheeler, 70 Minn. 161, 72 N. W. 1062; Kelley v. Anderson, 15 S. D. 107, 87 N. W. 579; Smith v. Milwaukee Builders' & T. Exch. 91 Wis. 360, 30 L.R.A. 504, 51 Am. St. Rep. 912, 64 N. W. 1041; Richardson v. El Paso Consol. Gold Min. Co. 51 Colo. 440, 118 Pac. 982; Chicago, R. I. & P. R. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; Beaver v. Mason, E. & Co. 73 Or. 36, 143 Pac. 1000; Connell v. Harris, 23 Cal. App. 537, 138 Pac. 949; Prest-O-Lite Co. v. Skeel, 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A, 474, 7 N. C. C. A. 724; Scragg v. Sallee, 24 Cal. App. 133, 140 Pac. 706; Morgan v. Bross, 64 Or. 63, 129 Pac. 118; Fox v. Barekman, 178 Ind. 572, 99 N. E. 989; Westover v. Grand Rapids R. Co. 180 Mich. 373, 147 N. W. 630; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275, 8 N. C. C. A. 1079; Amberg v. Kinley, 214 N. Y. 531, L.R.A.1915E, 519, 108 N. E. 830, 9 N. C. C. A. 552; Morrison v. Lee, 16 N. D. 377, 13 L.R.A.(N.S.) 650, 113 N. W. 1025; Pizzo v. Wiemann, 149 Wis. 235, 38 L.R.A.(N.S.) 678, 134 N. W. 899, Ann. Cas. 1913C, 803, 3 N. C. C. A. 149; Pittsburgh, C. C. & St. L. R. Co. v. Reed, 44 Ind. App. 635, 88 N. E. 1080; Peterson v. Standard Oil Co. 55 Or. 511, 106 Pac. 337, Ann. Cas. 1912A, 625; Carter v. Caldwell, 183 Ind. 434, 109 N. E. 355; Westover v. Grand Rapids R. Co. 180 Mich. 373, 147 N. W. 630.

Where the speed statute is violated no recovery for injuries can be

had. It constitutes negligence. 29 Cyc. 436, 605; Wilson v. Northern P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429; Brickell v. New York C. & H. R. R. Co. 120 N. Y. 290, 17 Am. St. Rep. 648, 24 N. E. 449; Meehan v. Great Northern R. Co. 43 Mont. 72, 114 Pac. 781, 3 N. C. C. A. 556; Lake Shore & M. S. R. Co. v. Boyts, 16 Ind. App. 640, 45 N. E. 812; Pereira v. Star Sand Co. 51 Or. 477, 94 Pac. 835; Brannen v. Kokomo, G. & J. Gravel Road Co. 115 Ind. 115, 7 Am. St. Rep. 411, 17 N. E. 202; Hunter v. Montana C. R. Co. 22 Mont. 525, 57 Pac. 141; Cummings v. Helena & L. Smelting & Reduction Co. 26 Mont. 434, 68 Pac. 852; Cleveland, C. C. & St. L. R. Co. v. Coffman, 30 Ind. App. 462, 64 N. E. 233, 66 N. E. 179; Chicago, B. & Q. R. Co. v. Featherly, 64 Neb. 323, 89 N. W. 792, 11 Am. Neg. Rep. 607.

Where plaintiff in his testimony has stated facts from which the jury could find that his own negligence had contributed to the injury, the rule that the burden to prove negligence is on defendant has no application. Durrell v. Johnson, 31 Neb. 796, 48 N. W. 890; Chicago, B. & Q. R. Co. v. Featherly, 64 Neb. 323, 89 N. W. 792, 11 Am. Neg. Rep. 607; Missouri, K. & T. R. Co. v. Merrill, 61 Kan. 671, 60 Pac. 819, 7 Am. Neg. Rep. 620; Beach, Contrib. Neg. § 427; Smith v. Chicago, M. & St. P. R. Co. 4 S. D. 71, 55 N. W. 717.

Where the evidence discloses contributory negligence defendant is entitled to a directed verdict. Silcock v. Rio Grande Western R. Co. 22 Utah, 179, 61 Pac. 565, 8 Am. Neg. Rep. 166; Derringer v. Tatley, 34 N. D. 43, L.R.A.1917F, 187, 157 N. W. 811; Dewald v. Kansas City, Ft. S. & G. R. Co. 44 Kan. 586, 24 Pac. 1101, 3 Am. Neg. Cas. 447; Hunter v. Montana C. R. Co. 22 Mont. 525, 57 Pac. 141; Cummings v. Helena & L. Smelting & Reduction Co. 26 Mont. 434, 68 Pac. 852; Evansville v. Christy, 29 Ind. App. 44, 63 N. E. 867; Scherer v. Schlaberg, 18 N. D. 421, 24 L.R.A.(N.S.) 520, 122 N. W. 1000; Morrison v. Lee, 16 N. D. 377, 13 L.R.A.(N.S.) 650, 113 N. W. 1025; Cumming v. Great Northern R. Co. 15 N. D. 611, 108 N. W. 798; Gast v. Northern P. R. Co. 28 N. D. 118, 147 N. W. 793; Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Haugo v. Great Northern R. Co. 27 N. D. 268, 145 N. W. 1053; Garraghty v. Hartstein, 26 N. D. 148, 143 N. W. 390; Umsted v. Colgate Farm-

ers Elevator Co. 22 N. D. 242, 133 N. W. 61; Grand Forks v. Paulsness, 19 N. D. 293, 40 L.R.A.(N.S.) 1158, 123 N. W. 878; Hope v. Great Northern R. Co. 19 N. D. 438, 122 N. W. 997; Braatz v. Fargo, 19 N. D. 538, 27 L.R.A.(N.S.) 1169, 125 N. W. 1042; Reynolds v. Great Northern R. Co. 29 L.R.A. 695, 16 C. C. A. 435, 32 U. S. App. 577, 69 Fed. 808; Costello v. Farmers Bank, 34 N. D. 131, 157 N. W. 982.

Where plaintiff shows that a cut made along the highway, and left by defendant company without protection of the public by a guard or other structure, and relies upon this as one of the reasons for his injuries, he must go further and show that the requirement of the statute in this respect was for his benefit. Was it defendant's duty to erect a guard or fence in front of this cut? Menut v. Boston & M. R. Co. 207 Mass. 12, 30 L.R.A.(N.S.) 1196, 92 N. E. 1032, 20 Ann. Cas. 1213; Chase v. New York C. & H. R. R. Co. 208 Mass. 137, 94 N. E. 377.

"A property owner owes no duty to a trespasser or a mere licensee on his premises to protect him from injury other than to refrain from wilfully and wantonly inflicting injuries to such person." Costello v. Farmers Bank, 34 N. D. 131, 157 N. W. 982; Parker v. Portland Pub. Co. 69 Me. 173, 31 Am. Rep. 262; Rooney v. Woolworth, 74 Conn. 720, 52 Atl. 411; Bedell v. Berkey, 76 Mich. 435, 15 Am. St. Rep. 370, 43 N. W. 308; Bentley v. Loverock, 102 Ill. App. 166; Lackat v. Lutz, 94 Ky. 287, 22 S. W. 218; Daley v. Kinsman, 182 Mass. 306, 65 N. E. 385, 13 Am. Neg. Rep. 95; Campbell v. Abbott, 176 Mass. 246, 57 N. E. 462; Massey v. Seller, 45 Or. 267, 77 Pac. 397, 16 Am. Neg. Rep. 553; Steger v. Immen, 157 Mich. 494, 24 L.R.A.(N.S.) 247, 122 N. W. 104; Reed v. Axtell, 84 Va. 231, 4 S. E. 587, 10 Am. Neg. Cas. 346.

The court's instruction to the jury, that a public road such as would require defendant to guard is "a way open to all people, without distinction, for passage and repassage at their pleasure," is erroneous. Comp. Laws 1913, §§ 1918–1920; Burleigh County v. Rhud, 23 N. D. 362, 136 N. W. 1082; Reynolds v. Great Northern R. Co. 29 L.R.A. 695, 16 C. C. A. 435, 32 U. S. App. 577, 69 Fed. 808; Shelby County v. Castetter, 7 Ind. App. 309, 33 N. E. 986, 34 N. E. 687; Cole v. Minnesota Loan & T. Co. 17 N. D. 409, 117 N. W. 354, 17 Ann.

Cas. 304; Poole v. Lake Forest, 238 Ill. 305, 23 L.R.A.(N.S.) 809, 87 N. E. 320; Roche Realty & Invest. Co. v. Highlands Co. 29 S. D. 169, 135 N. W. 684; Highway Comrs. v. Kinahan, 240 Ill. 593, 88 N. E. 1044; Bitney v. Grim, 73 Or. 257, 144 Pac. 490.

It seems ridiculous to say that any person exercising any degree of care would have mistaken this old trail for a public road, one year after the cut was made. The "trial" had been abandoned. Heller v. Cahill, 138 Iowa, 301, 115 N. W. 1009; Lucas v. Payne, 141 Iowa, 592, 120 N. W. 59; Pitts v. Pierce County, 78 Wash. 238, 138 Pac. 885; 37 Cyc. 199 (e).

*Cowan & Adamson* and *H. S. Blood,* for respondent.

The roadway obstructed was a traveled highway, and defendant owed a duty, even to a licensee, upon this traveled roadway, to guard this cut which defendant had made in the roadway. 21 Am. & Eng. Enc. Law, 2d ed. 470 to 472; 28 Cyc. 1384; DeLong v. Oklahoma City, — Okla. —, L.R.A.1915E, 597, 148 Pac. 701; Whart. Neg. § 349; Graves v. Thomas, 95 Ind. 361, 48 Am. Rep. 727; Carskaddon v. Mills, 5 Ind. App. 22, 31 N. E. 559; Gagg v. Vetter, 41 Ind. 228, 13 Am. Rep. 322; Allison v. Haney, — Tex. Civ. App. —, 62 S. W. 933; Nolan v. Bridgeton & M. Traction Co. 74 N. J. L. 559, 65 Atl. 992; Phillips v. Library Co. 55 N. J. L. 307, 27 Atl. 478; Lepnick v. Gaddis, 72 Miss. 200, 26 L.R.A. 686, 48 Am. St. Rep. 547, 16 So. 213; Hurst v. Taylor, L. R. 14 Q. B. Div. 918, 54 L. J. Q. B. N. S. 310, 33 Week. Rep. 582, 49 J. P. 359; Morrison v. Carpenter, 179 Mich. 207, 146 N. W. 106, Ann. Cas. 1915D, 319.

Contributory negligence on the part of the plaintiff's intestate, riding as a guest in the car, cannot be established by seeking to establish negligence on the part of the driver and imputing it to Chambers. Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; 7 Am. & Eng. Enc. Law, 2d ed. 447 and 448; Farley v. Wilmington & N. C. Electric R. Co. 3 Penn. (Del.) 581, 52 Atl. 543; Metropolitan Street R. Co. v. Powell, 89 Ga. 601, 16 S. E. 118; Chicago City R. Co. v. Wall, 93 Ill. App. 411; Lake Shore & M. S. R. Co. v. Boyts, 16 Ind. App. 640, 45 N. E. 812; Nesbit v. Garner, 75 Iowa, 314, 1 L.R.A. 152, 9 Am. St. Rep. 486, 39 N. W. 516; Leavenworth v. Hatch,

57 Kan. 57, 57 Am. St. Rep. 309, 45 Pac. 65; Cahill v. Cincinnati, N. O. & T. P. R. Co. 92 Ky. 345, 18 S. W. 2; Baltimore & O. R. Co. v. State, 79 Md. 335, 47 Am. St. Rep. 415, 29 Atl. 518, 12 Am. Neg. Cas. 1; Cunningham v. Thief River Falls, 84 Minn. 21, 86 N. W. 763, 10 Am. Neg. Rep. 106; Alabama & V. R. Co. v. Davis, 69 Miss. 444, 13 So. 693; Dickson v. Missouri P. R. Co. 104 Mo. 481, 16 S. W. 381; Consolidated Traction Co. v. Hoimark, 60 N. J. L. 456, 38 Atl. 684; Flanagan v. New York C. & H. R. R. Co. 70 App. Div. 505, 75 N. Y. Supp. 225; Robinson v. Metropolitan Street R. Co. 91 App. Div. 158, 86 N. Y. Supp. 442, 179 N. Y. 593, 72 N. E. 1150; Duval v. Atlantic Coast Line R. Co. 134 N. C. 331, 65 L.R.A. 722, 101 Am. St. Rep. 830, 46 S. E. 750; Carlisle v. Brisbane, 57 Am. Rep. 483, and note, 113 Pa. 544, 6 Atl. 372; Dean v. Pennsylvania R. Co. 129 Pa. 514, 6 L.R.A. 143, 15 Am. St. Rep. 733, 18 Atl. 718; Hydes Ferry Turnp. Co. v. Yates, 108 Tenn. 428, 67 S. W. 69; Galveston, H. & S. A. R. Co. v. Kutac, 72 Tex. 643, 11 S. W. 127; Missouri, K. & T. R. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Atlantic & D. R. Co. v. Ironmonger, 95 Va. 625, 29 S. E. 319; Union P. R. Co. v. Lapsley, 16 L.R.A. 800, 2 C. C. A. 149, 4 U. S. App. 542, 51 Fed. 174; The Bernina, L. R. 12 Prob. Div. 58, L. R. 13 App. Cas. 1.

Did Chambers, by remaining in the car, act as an ordinarily prudent person would have acted? This was a question for the jury by all the facts shown in the case. Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Bennett v. Northern P. R. Co. 3 N. D. 91, 54 N. W. 314; Detroit & M. R. Co. v. Van Steinburg, 17 Mich. 122; Severtson v. Northern P. R. Co. 32 N. D. 200, 155 N. W. 11; Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23.

The owner of premises cannot be guilty of active or affirmative negligence as regards a mere licensee, and escape liability. There is a distinction between such negligence and mere passive or permissive negligence. Brinilson v. Chicago & N. W. R. Co. 144 Wis. 614, 32 L.R.A.(N.S.) 359, 129 N. W. 664; Morrison v. Carpenter, 179 Mich. 207, 146 N. W. 106, Ann. Cas. 1915D, 319; Sylvester v. Grand Rapids Bookcase Co. 169 Mich. 340, 135 N. W. 337; Felton v. Aubrey, 20 C. C. A. 436, 43 U. S. App. 278, 74 Fed. 350, 7 Am. Neg. Cas. 405; 21 Am. & Eng. Enc. Law, 470 to 472; 28 Cyc. 1384; DeLong

v. Oklahoma City, — Okla. —, L.R.A.1915E, 597, 148 Pac. 701; 2 Elliott, Roads & Streets, 1138; Kingfisher v. Altizer, 13 Okla. 121, 74 Pac. 107, 15 Am. Neg. Rep. 173; 2 Dill. Mun. Corp. 4th ed. 1009; Oklahoma City v. Meyers, 4 Okla. 686, 46 Pac. 552; Burnham v. Boston, 10 Allen, 290; Orme v. Richmond, 79 Va. 86.

A city is bound to use all necessary measures to guard against the injury of persons entering its streets from private ways and adjoining streets.    Dennis v. Elmira Heights, 59 App. Div. 404, 70 N. Y. Supp. 312; Omaha v. Randolph, 30 Neb. 699, 46 N. W. 1013; Covington v. Bryant, 7 Bush, 248; Kirkham v. Kansas City, 89 Kan. 651, 132 Pac: 160; O'Malley v. Parsons, 191 Pa. 612, 71 Am. St. Rep. 778, 43 Atl. 384; Whart. Neg. § 349; Graves v. Thomas, 95 Ind. 361, 48 Am. Rep. 727.

There is an elementary and fundamental principle of law which is based upon and coeval with the right to own and control property, that a man must so use his own rights and property as to do no injury to those of his neighbor.    Gagg v. Vetter, 41 Ind. 228, 13 Am. Rep. 322; Allison v. Haney, — Tex. Civ. App. —, 62 S. W. 933; Nolan v. Bridgeton & M. Traction Co. 74 N. J. L. 559, 65 Atl. 992; Phillips v. Library Co. 55 N. J. L. 307, 27 Atl. 478; Lepnick v. Gaddis, 72 Miss. 200, 26 L.R.A. 686, 48 Am. St. Rep. 547, 16 So. 213; Hurst v. Taylor, L. R. 14 Q. B. Div. 918, 54 L. J. Q. B. N. S. 310, 33 Week. Rep. 582, 49 J. P. 359; Clampit v. Chicago, St. P. & K. C. R. Co. 84 Iowa, 71, 50 N. W. 673; Oliver v. Worcester, 102 Mass. 489, 3 Am. Rep. 485; Morrison v. Carpenter, 179 Mich. 207, 146 N. W. 106, Ann. Cas. 1915D, 319; Rebillard v. Minneapolis, St. P. & S. Ste. M. R. Co. L.R.A.1915B, 953, 133 C. C. A. 9, 216 Fed. 503.

The negligence of the driver of an automobile is not imputable to a guest riding with him in the rear seat of the car.    Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676.

This is the general and accepted law.    7 Am. & Eng. Enc. Law, 2d ed. 447 and 448; Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A. 1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683.

The car was not being run without lights.    The driver provided the best lights obtainable, and one of the persons with the driver had been very familiar with that road for years.    Felton v. Midland

Continental R. Co. 32 N. D. 223, 155 N. W. 23; Severton v. Northern P. R. Co. 32 N. D. 200, 155 N. W. 11; Bennett v. Northern P. R. Co. 3 N. D. 91, 54 N. W. 314; Detroit & M. R. Co v. Van Steinburg, 17 Mich. 122; Van Vechten v. Pruyn, 13 N. Y. 553; Sweet v. Salt Lake City, 43 Utah, 306, 134 Pac. 1167, 8 N. C. C. A. 922; Holland v. Boston, 213 Mass. 560, 100 N. E. 1009; Newcomb v. Boston Protective Dept. 146 Mass. 596, 4 Am. St. Rep. 354, 16 N. E. 555; Quinette v. Bisso, 5 L.R.A.(N.S.) 303, 69 C. C. A. 503, 136 Fed. 825; Hughes v. Atlanta Steel Co. 136 Ga. 511, 36 L.R.A.(N.S.) 547, 71 S. E. 728, Ann. Cas. 1912C, 394, 1 N. C. C. A. 429; Wright v. Crane, 142 Mich. 508, 106 N. W. 71, 19 Am. Neg. Rep. 336.

An inexperienced guest may rely upon an experienced chauffeur, and whether or not he is negligent in so doing must be decided by the jury. Chadbourne v. Springfield Street R. Co. 199 Mass. 574, 85 N. E. 737; Clarke v. Connecticut Co. 83 Conn. 219, 76 Atl. 523; Cunningham v. Thief River Falls, 84 Minn. 21, 86 N. W. 763.

The jury may be permitted to view the premises when, in the opinion of the court, it is proper for them to do so. Code, § 7622; Stewart v. Cincinnati, W. & M. R. Co. 89 Mich. 315, 17 L.R.A. 539, 50 N. W. 852.

Birdzell, J.    This action was brought to recover damages occasioned by the death of plaintiff's husband, George C. Chambers, in an automobile accident. At the trial in the district court of Ramsey county judgment was rendered in favor of the plaintiff for $8,000, and from this judgment and from the order denying a motion for a new trial the defendant appeals to this court. The facts are as follows: On the night of April 26, 1913, Charles Doyon, John McLean, Charles Rebillard, and George C. Chambers, husband of the plaintiff, made a trip from Church's Ferry to Devils Lake in an automobile. As the party approached Devils Lake along an old road or trail which will be more fully described hereinafter, the automobile fell into an unguarded cut on the right of way of the defendant railroad company, throwing the occupants out and inflicting injuries upon Chambers, from which he died before he could be removed to the hospital. The automobile belonged to Doyon, who drove the car, and the remaining members of the party were riding as his guests. McLean and Rebillard had, during

the day, arranged with Doyon to ride with him from Church's Ferry to Devils Lake, while Chambers asked permission that evening to accompany them on the trip.

The party left Church's Ferry at about 7:45 P. M., just as it was getting dusk, and when they had driven about 7 miles the lights gave trouble and finally went out altogether, about 6 miles from Grand Harbor. After an unsuccessful attempt to borrow a lantern at a farmhouse, they drove on to Grand Harbor without lights, and there obtained a wick and oil for the oil lamp attached to the car, on the left side of the dash. A robe was so placed over the windshield as to prevent the direct rays from the lamp striking the eyes of the driver, Doyon, who sat on the side of the car opposite the lamp. McLean occupied the front seat with Doyon, while Rebillard and Chambers occupied the rear seat.

Doyon was an experienced driver, who estimated that he had driven an automobile about 100,000 miles. McLean was the sheriff of Ramsey county and had resided in Devils Lake for many years. He was thoroughly familiar with all the roads leading to and from the city. On the night of the accident the roads were heavy, being somewhat muddy, and the night was dark. From Church's Ferry to the place of the accident, they had driven a distance of about 21 miles. Most of the way they were driving in low gear and the remainder of the time in intermediate gear. The oil lamp furnished a dim light which served to light the way ahead for 6 or 8 feet on the average, and sometimes as far as 20 or 25 feet, according to the testimony of Doyon. McLean rode with one foot on the running board and the other in the car, in order to look ahead and assist Doyon in keeping the car on the road.

The road traversed from Grand Harbor to Devils Lake runs in a southeasterly direction, parallel with the Great Northern Railroad. At a point just beyond the city limits of Devils Lake the road leaves the line of the railroad and runs due east on the section line between sections 28 and 33. As this section road nears the city proper there are roads or trails branching off it and running in a southeasterly direction, connecting with Ninth, Tenth, Eleventh, Twelfth, and Fourteenth streets of the city. One of the main trails or roads branching off the section-line trail or road turns off at a point some 249 feet west

of the section corner common to sections 28, 33, 27, and 34, and within the city limits.

During the spring and summer prior to the accident, the defendant railroad, in constructing its line into Devils Lake, intersected the section-line road or trail which, prior to that time, had continued due east to Minnewaukan avenue, one of the principal streets in the city. The railroad intersected this trail at a point some distance east of the section corner above referred to, crossing the road diagonally in a southeasterly direction as viewed from the west. Where the railroad crossed the road there was a cut 30 feet wide and about 15 feet deep through the road, which cut was unguarded and devoid of warning signals of any character. There is a telephone line running along the section-line roadway; extending beyond the intersection to Minnewaukan avenue, the poles being north of the section line and of the traveled road. The section-line road or trail was not graded, nor were any of the roads or trails branching off the same graded at the time. There was no change in the level of the section-line road that would indicate a crossroad, or mark the point where the roads or trails branched off to the southeast. This is true even of the crossing of the section-line road that comes down from the north and intersects the east and west road at a point a little way east of the turn where the last southeast trail leaves the section-line road to connect with Fourteenth street.

The evidence establishes that the road upon which the party was traveling had been used for many years as a roadway leading to the city of Devils Lake, and there is abundant evidence of its use as such, not only to the point where the various roads or trails branch off to the southeast, connecting with Ninth, Tenth, Eleventh, Twelfth, and Fourteenth streets, but also beyond such points and east of the railroad intersection to Minnewaukan avenue. While the appellant raises a question as to whether the road extending from the place where the last southeasterly branch leaves to connect with Fourteenth street is or ever was a legally established public road or street, we regard the fact upon which the existence of such legal highway would depend, as well as the legal conclusion to be drawn from such facts, to be immaterial to a determination of any issue involved in this case. The action was started originally against both the defendant and the city of Devils Lake, but it was subsequently dismissed as to the city.

It further appears, according to the evidence of Mr. Doyon, that as they traveled along the section-line road they kept toward the north side of the roadway, because the wheeling was better, and that he was guided partly by the telephone poles.

When about 40 or 50 feet from the cut, it appears that the automobile veered to the south, leaving the main trail a distance of perhaps a rod or more. Doyon accounts for this deviation from the main trail by his inclination in driving to bear toward the right. It appears that McLean saw a large rock ahead of the car; and, while his impressions seemed to be indistinct as to whether he had told Doyon to turn to the left in order to get back to the trail before he saw the rock, or whether it was his impulse to avoid a collision with the rock that led him to tell Doyon to turn to the left, it is nevertheless a fact that Doyon did steer sharply to the left, at McLean's command, thereby avoiding the rock. Immediately thereafter the car fell into the cut, striking it at right angles.

Though there are many assignments of error, the appellant urges two principal questions for consideration. First, the question as to whether or not Chambers was guilty of contributory negligence; and, second, as to whether the defendant was guilty of any actual negligence in failing to guard or protect the cut in any way. The principal argument is addressed to the first question. We will therefore consider it fully before passing to the second question and to the other specifications of error. Section 2973 of the Compiled Laws of 1913 requires every owner of an automobile to provide the same with not less than two lights in front of such machine, one of which shall be on either side. Section 2976 of the Compiled Laws of 1913 makes a violation of the above regulation a misdemeanor. It is argued that Chambers was guilty of contributory negligence as a matter of law in remaining in an automobile being driven upon a public highway when not provided with proper lights as required by law, and in such circumstances as to render at least the driver of the car liable to punishment for the commission of a misdemeanor. It is a well-established proposition that the negligence of a driver is not imputable to a passenger, and this rule applies whether the conveyance is a public conveyance or a private one. Berry, Automobiles, 2d ed. § 318; 2 R. C. L. 1207; Ouverson v. Grafton, 5 N. D. 281, 65 N. W. 676; Rebillard v.

Minneapolis, St. P. & S. Ste. M. R. Co. L.R.A.1915B, 953, 133, C. C. A. 9, 216 Fed. 503–506; Wilson v. Puget Sound Electric R. Co. 52 Wash. 522, 132 Am. St. Rep. 1044, 101 Pac. 50; Beach v. Seattle, 85 Wash. 379, 148 Pac. 39; 7 Am. & Eng. Enc. Law, 2d ed. 447, 448.

Any negligence of which Doyon and McLean, as the operators of the car, under the circumstances in question may be guilty, is therefore not to be attributed to Chambers, and recovery of damages for causing his death is not to be denied unless he was guilty of contributory negligence. Since it is clear that he had no part in the operation of the car, the negligence, if any, which would preclude a recovery by the plaintiff, must consist in the fact that Chambers voluntarily remained in the automobile with a knowledge of dangers incident to its operation under the circumstances disclosed by the facts in this case. Briefly stated the question is, Was Chambers guilty of contributory negligence as a matter of law in remaining in the back seat and riding in the car, knowing that the light was probably insufficient to enable the driver to discover a dangerous condition of the highway ahead, and equally insufficient to enable him to readily detect landmarks and turns which would enable him to know at all times whether he was upon the proper road?

Ordinarily, the question of contributory negligence is one of fact to be determined by the jury; and the determination of this question by the jury is as binding upon the court as is a verdict upon any other question properly submitted to it. The verdict can only be set aside where the evidence is such that, in the mind of the court, reasonable men would necessarily infer negligence from the facts proved, and where there is no reasonable basis for them to differ in this conclusion. Christopherson v. Minneapolis, St. P. & S. Ste. M. R. Co. 28 N. D. 128, L.R.A.1915A, 761, 147 N. W. 791, Ann. Cas. 1916E, 683; Severtson v. Northern P. R. Co. 32 N. D. 200, 155 N. W. 11; Felton v. Midland Continental R. Co. 32 N. D. 223, 155 N. W. 23. In deciding whether or not Chambers, in remaining in the automobile, was guilty of contributory negligence as a matter of law, we must look to all the circumstances in which he continued his journey as a passenger in the car. Chambers was the editor of a newspaper in Church's Ferry, and was personally acquainted with both

Doyon and McLean. It might be reasonably inferred that he knew that Doyon was an experienced driver, and that McLean was thoroughly familiar with the roads leading from Church's Ferry to Devils Lake. The roads were muddy and the car traveled slowly. When the light gave out, another was improvised which would be reasonably sufficient to guard against the danger of collision. McLean, who was most familiar with the roads, placed himself in such a position as to be able to keep a lookout, thereby assisting the driver to keep on the road. In view of all these facts and of the reasonable impressions they would make upon the mind of one occupying the position of Chambers at the time of the accident, we think that the question as to whether or not the deceased acted with a due regard for his own safety in remaining in the car under the circumstances was a question proper for the consideration of the jury. While reasonable men might well differ as to the propriety of his conduct under the circumstances in question, we cannot say that it was so clearly his duty to adopt the other alternative, and get out of the car and either walk or stop overnight in a farmhouse or a village hotel before arriving at his destination, as to remove from the jury the determination of the question of contributory negligence. In fact we believe that most men of ordinary prudence would have regarded themselves as reasonably safe if placed in the circumstances of Chambers, and would have continued the journey just as he did.

It is by no means clear that the accident would have been avoided had the automobile been provided with the lights required by statute, or even with lights that would have been perfect in their efficiency; so that, if it be assumed that the operators of the car were negligent in failing to provide proper lights and the deceased negligent in remaining in the car, it does not necessarily follow that the questions of contributing and proximate causes could be decided by the court as matters of law. The statute in regard to the lighting of automobiles at night would be satisfied by the furnishing of two lights, regardless of their candle power, and there is no requirement as to reflectors of any sort. Two dash lights would not have lighted the road any greater distance ahead than one light. The law does not purport to fix an exclusive standard of due care in the matter of providing lights, and if the statutory requirement is violated it does not follow that the

one so violating the statute, or one riding in an automobile with knowledge that the statute is being violated in this particular, is necessarily precluded from recovering damages. There are still the questions of proximate cause and contributory negligence. The supreme court of Utah in dealing with such a situation uses the following language: "Whether the lights are of the character required by the statute must ordinarily be determined from the evidence, and in case they do not conform to the statutory requirements, the question still remains whether the absence of sufficient lights was the proximate cause of the accident or not. These are questions of fact. The same may be said with regard to the speed." Sweet v. Salt Lake City, 43 Utah, 306–325, 134 Pac. 1167, 8 N. C. C. A. 922. Owing to the condition of the road, the automobile was traveling along the north side; and, there being no change in the grade at the various points where other roads branched off or intersected, the driver might well have passed them without being aware that he had done so. Furthermore it appears that the land, from the point of the last branching trail to within about a rod or two of the cut sloped slightly upward, and that, after reaching the crest of the gradual incline, the ground sloped the other way, the east bank of the cut being lower than the west bank. This condition would necessarily tend to obscure the cut when approached from the west. While, traveling at the rate they were, they might have been able to stop the car within 10 or 15 feet, still had they approached the cut with efficient lights going, the driver, acting with reasonable care for his own safety and the safety of the occupants, would not necessarily have seen the cut in time to have avoided the accident. Viewing the circumstances as they appear from the evidence of the plaintiff's witnesses, we do not see how it could be said as a matter of law that the negligence of the plaintiff's intestate in remaining in the car, if he were guilty of such negligence, and the negligence of Doyon in operating the car without more efficient lights, were either the proximate or the contributory causes of the accident. It must be borne in mind that the roads did not admit of fast travel, and that the occupants of the car were not bound to anticipate pitfalls such as that constructed by the defendant. In our opinion these questions, under the evidence in this case, were clearly for the jury. See Super v. Modell

Twp. 88 Kan. 698, 129 Pac. 1162; Abbott v. Wyandotte County, 94 Kan. 553, 146 Pac. 998; Beach v. Seattle, 85 Wash. 379, 148 Pac. 39.

In the case of Super v. Modell Twp. supra, the driver of an automobile which was properly equipped and lighted approached a crossing at 10 o'clock in the evening, from which a bridge had recently been washed away by flood. He was unable, after he saw that the bridge was gone, to stop his automobile within sufficient distance to prevent being precipitated into the stream below. In that case, as in the instant case, the approach was on the upgrade, which fact caused the lights to be thrown upward and prevented the driver from observing that the bridge was gone until the car was at the bank. The jury found that the car was going at the rate of from 12 to 15 miles an hour, and that the driver was exercising ordinary prudence under the circumstances. The court held that, though the driver was aware of the fact that he was approaching the bridge, and though he had failed to notice a turn to the north which would have taken him upon a road leading to a temporary bridge, he was not guilty of contributory negligence as a matter of law.

In the case of Abbott v. Wyandotte County, 94 Kan. 553, 146 Pac. 998, the driver of an automobile missed a bridge as he approached at night. It was alleged that the bridge was out of line with the road, and was not supplied with guards to indicate the proper line of approach. In answer to the argument that an automobile driver should not drive so fast at night that the entire distance he could see was required for stopping the automobile, the court said: "The deceased had no occasion to anticipate stopping. He was on the right-hand side of a broad highway, and could see far enough to turn aside if confronted by visible objects. If a barrier had been extended a few feet from the corner of the bridge he could have made the turn necessary to put him in line with the bridge and the road beyond without reducing speed at all." The jury found that, though the driver was driving at the rate of 25 miles an hour as he approached the bridge, the rate of speed was not too great, considering the surrounding circumstances, and the court held the question of contributory negligence to be one of fact for the jury.

In weighing the argument of counsel on the second proposition, that the defendant was not guilty of any actual negligence in failing to guard

or protect the cut in any way, we have carefully considered not only the testimony and the exhibits, but have considered as well the decision in the companion case arising out of the same accident, in which Rebillard sued for personal injuries. In that case the Federal circuit court of appeals for the eighth circuit affirmed a judgment for the defendant, based upon an instructed verdict. Rebillard v. Minneapolis, St. P. & S. Ste. M. R. Co. L.R.A.1915B, 953, 133 C. C. A. 9, 216 Fed. 503. Trieber, District Judge, speaking for the court, uses language which would indicate that there was considerable doubt as to whether the road in question had been used to any appreciable extent as a public road. The learned judge even had doubts as to whether the trail itself indicated that it had been used to any considerable extent as a public road. There is ample evidence in this case from which the jury could infer that the road had long been used as a public highway and to considerable extent. Furthermore an examination of exhibit II., the same being a photograph of the road or trail in question, taken toward the end of the summer following the accident, when the prairie grass and weeds had attained their full growth, convinces us, as we believe it would convince anyone familiar with the prairie roads in North Dakota, that the trail had long been used by the public. While we do not know what evidence was submitted on this point in the companion case, it appears from the opinion above referred to that the evidence was conflicting, and that the circuit court of appeals was influenced by the fact that the trial judge had made an ocular inspection of the place from which he must have derived impressions which it was impossible to incorporate in the record, or convey to the appellate tribunal.

There is no doubt in our minds as to the defendant's negligence, under the evidence disclosed in this record, being a question for the jury to decide. There was sufficient evidence here that the road or trail had been used for a long period of time to warrant the jury in drawing the inference of negligence, even though appellants are right in their contention that the road at the intersection was not a street or a public highway. The duty to safeguard the cut was owing to licensees as well as it would have been to lawful users of the way in question, considered as a legal highway. Bills v. Kaukauna, 94 Wis. 310, 68 N.

W. 992; Morrison v. Carpenter, 179 Mich. 207, 146 N. W. 106, Ann. Cas. 1915D, 319; Omaha v. Randolph, 40 Neb. 699, 46 N. W. 1013.

Counsel for appellant argues that the trial judge erred in his instructions to the jury in stating the life expectancy of Chambers according to the American mortality table. It appears that the plaintiff requested the court to take judicial notice of the mortality tables, without specifying what tables. Section 7922 of the Compiled Laws of 1913 provides that, in all cases in which probable duration of the natural life of any person is material, the statistical tables known as the Carlisle tables of mortality are competent evidence of such probable duration or expectation of life. In the case of Ruehl v. Lidgerwood Rural Teleph. Co. 23 N. D. 6–19, L.R.A.—, —, 135 N. W. 793, Ann. Cas. 1914C, 680, this court held that it would take judicial notice of standard tables according to which the life expectancy of an individual may be determined, and it was said that it would have been competent for the court to have instructed the jury as to the fact of the contents of such mortality tables.

In the case of Rober v. Northern P. R. Co. 25 N. D. 394, 142 N. W. 22, this court, in affirming a judgment for damages where there was no proof of expectancy, took judicial notice of the Carlisle tables and sustained the judgment. While the statute provides affirmatively that the Carlisle tables shall be admissible, it does not purport to control or restrict in this particular the application of the doctrine of judicial notice. In disposing of this assignment of error, it need only be said that we adhere to the rule laid down in the case of Ruehl v. Lidgerwood Rural Teleph. Co. supra. Furthermore, even assuming that the court, if it took judicial notice at all, was bound to instruct according to the Carlisle tables, it is not shown wherein any prejudice resulted from the court's instruction on this point.

The appellant also argues that the plaintiff cannot recover in this action because at the time the accident occurred Doyon had not obtained from the secretary of state an automobile license for the year 1913. From this fact it is urged that the automobile and the occupants of the same were all trespassers on the highway, and that consequently no duty was owing to them by the defendant. In our opinion there is no merit in this contention. The statutory requirement which makes it incumbent upon owners of automobiles to secure licenses from the state does

not have the effect of making such owners, much less the guests of such owners riding with them, outlaws and as such subject to bear without remedy injuries which are in no way connected with the unlawful act.

Appellant in this appeal has set forth forty-five specifications of error, all of which have been carefully considered. Such of them as have merit are fully disposed of in the foregoing opinion.

The judgment is affirmed.

ROBINSON, J. (dissenting). I dissent. I think that when a person goes in an automobile without a light, over unknown roads on a dark night, he is guilty of gross negligence. A railroad company should not have to pay for an accident resulting from recklessness or foolhardiness.

## On Petition for Rehearing.

BIRDZELL, J. In their petition for rehearing counsel for appellants urge upon the attention of the court some of the assignments of error, which they refer to as having been inadvertently overlooked in the original opinion. These assignments were not overlooked; it was thought that they were not of sufficient merit to warrant discussion. In the petition, chief reliance seems to be placed upon the alleged error committed in sustaining objections to certain questions asked of witnesses Doyon and McLean for the evident purpose of laying foundations for direct impeachment by proof of contradictory statements made by them as witnesses in the trial of the Rebillard case growing out of the same accident, and in the rejection of a certain offer of proof. The witness Doyon, in response to a question asking whether in the daytime there would be any possibility of his mistaking that old trail, answered, "I don't know," and, in response to a question asking whether or not, using ordinary gas lights, he would immediately see the difference between the old trail and the other road (referring to the road leading to the southeast and connecting with Fourteenth street), he said, "I don't know as I would." At that point he was reminded of his testimony given in the Rebillard case, wherein, in response to the question as to there being any possibility of mistaking the road in the daylight, he had answered, "There might not," and in answer to the question

asked with reference to his ability to distinguish between the old trail and the other road in the nighttime with ordinary gas lights, he had answered: "Well, I think possibly I would; but still at that time of the year they look very similar. I did not realize I had gone off to any different part of the road." When asked whether or not he had testified as last stated, he gave the following answer, which went in without objection: "I do not remember. If that is the record, I will concede that I testified that way."

He testified further as follows:

Q. You don't know?

A. I know I testified, but I don't know what I testified to.

Q. I asked you to look at the record and refresh your memory.

(Mr. Cowan)    That is objected to as an improper method of refreshing his memory.

The Court: Sustained.

Q. You admitted, Mr. Doyon, did you not, during the trial of the Rebillard case, that there might not be any possibility of your mistaking the road and taking this old trail in the daytime?

(Mr. Cowan) That is objected to as hearsay, incompetent, not a proper impeaching question, and no foundation laid, and calling for a conclusion of the witness.

The Court: Sustained.

Q. You testified, did you not, at the time of the Rebillard trial, to the following: That if you had ordinary gas lights that you thought it possible that you would have known the difference between the old trail and the other road?

(Mr. Cowan)    That is objected to on the grounds urged in the last objection.

The Court: Sustained.

It is very apparent that the foregoing rulings of the trial court were in no way prejudicial. Not only did the witness admit that, if the record in the Rebillard case was as stated to him by counsel, it was no doubt correct, and that he would concede that he testified that way, but a comparison of the testimony given upon cross-examination in this case, prior to the asking of the impeaching questions, with the testimony quoted by counsel from the transcript in the Rebillard case, discloses

that there is no substantial conflict, but merely a difference in phrase-ology. It may be true that the answers upon the points covered by the foregoing questions are slightly stronger in this case than those given in the Rebillard case. But, however this may be, Doyon admitted the correctness of the transcript in the Rebillard case, and the jury had the benefit of any inconsistency so disclosed.

In the cross-examination of the witness McLean, he was asked the following question:

Q. Wasn't the road you were looking for to get into town the road turning off at the section line and connecting with Fourteenth street?

A. I don't know as to that.

Q. I call your attention, Mr. McLean, and ask you if it is not a fact that, on the trial of the Rebillard case in the United States district court in December, 1913, at Devils Lake, the following questions were asked you by a juryman, to which you gave the following answers?

"Q. Were you looking for that road leading off from the section line toward Fourteenth street?

"A. That was the road I was looking for."

(Mr. Cowan) That is objected to as incompetent, irrelevant, and not a proper impeaching question, and not binding on the plaintiff in this case.

The Court: Sustained.

Later on, an offer of proof was made, the rejection of which is also assigned as error. The offer was made in the absence of the jury and pertains to the probability as to whether or not McLean would have directed Doyon to take the road leading to the southeast and connecting with Fourteenth street, if he had seen it. The proof offered was a portion of the transcript in the Rebillard case, embracing the above question and answer, which counsel asked leave to verify by submission to the witness McLean.

With respect to the impeaching question put to McLean while on the witness stand, it need only be observed that the answer with which the former statement was inconsistent was elicited on the cross-examination, and pertained to a subject not covered in the examination in chief. If the fact is as testified to in the former case, it has no bearing upon

37 N. D.—26.

the liability of the defendant to the plaintiff, and the examination went solely to the credibility of the witness. The record discloses that ample latitude for cross-examination generally was allowed; and, even though it might have been technically proper to have permitted an answer to the impeaching question, it was not reversible error to sustain an objection to it.

The avowed object of the offer of proof was to establish the probability that McLean would have given Doyon a direction to take the southeast road, had he seen it; but the evidence tendered was clearly hearsay as to this fact, and, in the view that we take of the case, the fact itself, if one's contingent determination of conduct may be called a fact, is inadmissible. Under the principles of our original opinion, the defendant is not absolved from liability to this plaintiff by reason of the failure of McLean to detect or take the safe road. But it is altogether likely that the evidence was offered for the purpose of impeachment, for which purpose alone it was competent. In making the offer, however, the evidence being inadmissible generally, it should have been stated that it was offered for the specific purpose of impeachment. The court and the plaintiff's attorneys might well have been misled,—indeed the objection to the offer of proof does not cover its inadmissibility for purposes of impeachment. Even assuming that error was committed in sustaining the objection to the offer of proof, since it goes only to the question of the credibility of the witness McLean, we do not deem the error, if any, of sufficient consequence to warrant a reversal of the judgment.

Again, after testifying rather inconclusively as to the point of time at which the witness had given Doyon the direction or command to steer back onto the road, with reference to his observation of the large rock which appeared ahead of the car, he was asked the following question:

"Q. Did you testify at the trial of the Rebillard case in the United States district court at Devils Lake, in December, 1913, that it was when you saw the rock that you shouted to Mr. Doyon to turn to the left?"—which question was objected to as being an improper impeaching question, and the objection sustained.

A little later impeaching questions, covering the same ground and referring specifically to the testimony given by McLean in the Rebil-

lard case, were asked him, in response to which he testified that he presumed that it was a fact that the questions and answers quoted from the transcript were given; but he further testified that it seemed to him that he had given Doyon the command before he had seen the rock; so the jury had the full benefit of such impeachment of the witness upon this point as was afforded by the testimony in the Rebillard case.

Appellants also argue that the refusal of the trial court to permit an inspection of the premises by the jury amounts to a prejudicial error. This is a matter which is largely within the discretion of the trial court. Considering the length of time that had elapsed between the happening of the accident and the time of the trial, the season of the year, and the changes that might have taken place in the general appearance of the premises during this period, together with the facilities for presenting the facts to the minds of the jurors, there is no merit in the contention that the trial court abused its discretion.

The petition for rehearing also urges misdirection of the jury as a ground for reversal. Appellants extract the following portion of the instruction:

"The defendant railway company was bound to use reasonable care in the construction and maintenance of its cut in a reasonably safe condition for travel upon the road which it crossed; and if it failed to do so, and constructed and maintained this cut in an unsuitable and unsafe condition, it is liable for injuries sustained in consequence of such failure."

The objection made to the foregoing instruction makes no allowance whatever for the intelligence of the jury. It is said that it tells the jury in substance that it was the duty of the railroad company to maintain the cut so that it could be traversed over on the old trail. A careful reading of the entire instruction, or even of the part complained of, leaves no doubt in our minds that the jury could not have derived the impression that defendants were to be held liable in damages for causing the death of the plaintiff, because of their failure to construct a bridge over the cut, or to provide some other means of crossing the right of way at the point in question.

The petition for rehearing is denied.