AUGUST JOHNSON *vs.* NORTHWESTERN TEL. EXCH. CO. .

Argued Jan. 22, 1892. Decided Feb. 15, 1892.

**Concurring Negligence of a Third Party.**—Where the negligence of the defendant and the act of a third person concurred to produce the injury complained of, so that it would not have happened in the absence of either, the negligence was a proximate cause of the injury.

**Evidence Examined.**—Evidence *held* sufficient to justify a finding that such negligence and such act did so concur.

Appeal by plaintiff, August Johnson, from an order of the district court of Hennepin county, *Smith*, J., made August 4, 1891, refusing a new trial.

The defendant, the Northwestern Telephone Exchange Company, erected poles with cross arms, and strung its telephone wires thereon, in Central avenue, a public street in the business portion of East Minneapolis. One of the poles, bearing about 100 wires, stood at a curve in the street. The plaintiff's evidence tended to show that this pole had become rotten, and had not sufficient strength to withstand the weight and stress of these wires. The plaintiff on November 11, 1890, was driving along this street upon a wood cart, when this pole broke near the ground, and fell into and across the street, carrying with it the wires strung thereon. The pole struck the rear part of the wood cart, and smashed it, threw plaintiff to the ground, and injured him. The pole was a Norway pine, 55 feet high, set in 1887, 6 feet in the ground. Guys were fastened to its top, and attached to Mr. Shadewald's brick builing, and had so remained, with his assent, three years. About a month before the accident Shadewald notified defendant's agent to remove these guys from his building right away, saying, "If you don't take them off, I will cut them off." The agent replied: "Well, all right. Take them off." On the day of the accident Shadewald cut these guys, and as he did so the pole fell, and plaintiff was injured.

This action was to recover damages for the personal injury plaintiff sustained, and was tried April 27, 1891. After the evidence was all given, the judge directed the jury to return a verdict for defend-

ant.   The plaintiff excepted, and afterwards moved for a new trial.
His motion was denied, and he appealed.

*Charles A. Ebert* and *Henry Ebert*, for appellant.

The court erred in directing a verdict for defendant.   The case
should have been left to the jury.   The defendant allowed this de-
cayed pole to remain standing in the street.   This was negligence.
*Nichols* v. *City of Minneapolis*, 33 Minn. 430; *Kelly* v. *Erie Tele-
graph & Telephone Co.*, 34 Minn. 321; *Williams* v. *Louisiana Electric
Light & Power Co.*, 43 La. Ann. 295; *Norristown* v. *Moyer*, 67 Pa.
St. 355; *Gilmartin* v. *Mayor, etc., of New York*, 55 Barb. 239; *Byron*
v. *New York State Printing Tel. Co.*, 26 Barb. 39.

Shadewald had the right to remove the guy wires from his build-
ing after reasonable notice to defendant, and its failure to remove
them.   *Lyon* v. *Fairbank*, 79 Wis. 455; *Leber* v. *Minneapolis & N.
W. Ry. Co.*, 29 Minn. 256; *Wilson* v. *St. Paul, M. & M. Ry Co.*, 41
Minn. 56; *Ingalls* v. *St. Paul, M. & M. Ry. Co.*, 39 Minn. 479.

The defendant is liable for this injury, notwithstanding Shadewald
may also be liable for cutting the guys negligently.   *Weick* v. *Lander*,
75 Ill. 93; *Burrows* v. *March Gas & Coke Co.*, L. R. 5 Exch. 67;
*Tarry* v. *Ashton*, 1 Q. B. Div. 314; *Martin* v. *North Star Iron Works*,
31 Minn. 407; *Johnson* v. *Chicago, M. & St. P. Ry. Co.*, 31 Minn. 57.

*Eustis & Morgan*, for respondent.

The injury was not the natural or proximate result of defendant's
act, but resulted from the wrongful act of Shadewald, which last
wrong was the proximate cause.   As the line was, on the day of the
accident, it would not and could not fall, so long as the guy wires
remained in place.   The injury is to be imputed to the last wrong-
doer, and not to the cause which is more remote.   *Moon* v. *Northern
Pac. Ry. Co.*, 46 Minn. 106; *Bartlett* v. *Boston Gas Light Co.*, 117
Mass. 533; *Crain* v. *Petrie*, 6 Hill, 522; *Oil Creek & A. R. Ry. Co.* v.
*Keighron*, 74 Pa. St. 320; *Hofnagle* v. *New York Cent. & H. R. Ry.
Co.*, 55 N. Y. 608; *Lowery* v. *Western Union Tel. Co.*, 60 N. Y. 198;
*Bigelow* v. *Reed*, 51 Me. 325–332; *Marble* v. *City of Worcester*, 4
Gray, 395.

If A. is guilty of a negligent act, which would not have produced
the catastrophe but for the subsequent intervening negligence of B.,

such negligence of B. not being a result which A. might reasonably anticipate, nor one against which it was his duty to guard, A. will not be responsible for the resulting damages. *Carter* v. *Towne*, 103 Mass. 507; *Davidson* v. *Nichols*, 11 Allen, 514; *Harrison* v. *Collins*, 86 Pa. St. 153; *Griggs* v. *Fleckenstein*, 14 Minn. 81, (Gil. 62.)

GILFILLAN, C. J. Action for an injury caused by the falling in a street in Minneapolis of one of the poles of the defendant, on which were suspended its line wires, which fall was, as is alleged, due to the rotten and unsound condition of the pole, (permitted to be so by defendant's negligence,) rendering it of insufficient strength to bear the weight of the wires suspended upon it. At the close of the evidence the court below directed a verdict for the defendant. Upon an examination of the evidence we can see no reason for the direction, (and none is suggested by the respondent,) except the assumption that there intervened between the negligence of the defendant, if any there was, and the injury to plaintiff, an independent, adequate cause of the injury, to wit, the act of a third person, which was what in law is termed the "proximate cause of the injury." From the evidence the jury might have found these facts: *First*, that through the negligence of the defendant the pole was of insufficient strength to bear the strain produced by the weight of wire suspended on it, so that it was in danger of falling, carrying the wires down with it, and injuring persons passing along the street; *second*, that, for the purpose of sustaining it and preventing it falling, the defendant had, with the license of one Shadewald, extended guy wires from the top of the pole to the building of Shadewald, to which the other ends of the guy wires were fastened, which served to stay the pole upright and prevent it falling; *third*, that a reasonable time before the fall of the pole, to enable defendant to make the pole safe, Shadewald revoked the license, and required the removal of the guy wires from his building; *fourth*, the defendant failing to remove the guy wires, Shadewald cut them at the ends attached to his building, and the pole, deprived of the stay afforded by them, broke off near the ground and fell in the street, injuring plaintiff; *fifth*, that after the revocation of the license defendant did not adopt any means to render the pole safe, in lieu of the stay of the guy wires. Had the jury, as they

might have done, found these to be the facts, then the negligence of the defendant would have been shown to be a proximate cause of the injury. Upon the revocation of the license Shadewald had the right, as to defendant, certainly after allowing it a reasonable time in which to take other means to make the pole safe, to remove or cut the guy wires. As soon as the license was withdrawn it was the duty of defendant to make the pole safe, and, if it required something besides its own strength to make it so, it was its duty to provide that something. Its omission to do so would be negligence. Had Shadewald refused to give the license in the first instance, that would have been no excuse for failure to have the pole safe. His withdrawal of the license left defendant in the same situation it would have been in had he withheld it in the first instance,—its duty no way different. The jury might, from the evidence, have found that, had the defendant done its duty in this respect, the pole would not have fallen with the wires cut. As one may be liable for doing a rightful thing in a negligent manner, it may be that Shadewald was also liable for the injury. If the pole was likely to fall with the wires cut, then it might be negligence towards those passing in the street to cut them without warning. But that his negligence contributed to the injury does not absolve the defendant. Suppose the jury had found, as the evidence would have justified, that but for the cutting of the wires the pole would not have fallen, and that it would not have fallen with the wires cut, but for the neglect of the defendant, after the license was revoked, to make the pole safe,—in other words, that it was the co-operation of defendant's negligence and Shadewald's act that produced the injury,—then it would be a case of concurring negligence, in which case each party guilty of negligence is liable for the result. The negligence of each is a proximate cause, where the injury would not have occurred but for that negligence.

Order reversed.

MITCHELL, J., took no part in the decision.

(Opinion published 51 N. W. Rep. 225.)