[File No. 6562.]

MRS. WILLIAM STOCKFELD, Appellant, v. JOSIAH L. SAYRE
and Mathew Barto.

JOSIAH L. SAYRE, Respondent.

(283 N. W. 788.)

Opinion filed January 28, 1939.

*S. Theodore Rex,* for appellant.

44

*Carroll E. Day,* for respondent.

BURR, J.    The undisputed facts show that defendant Sayre, on the 13th of December, 1936, arranged for a pleasure trip from Grand Forks to Grafton and return, taking with him his three minor children, the oldest being about seven years of age.    He invited his friend William

Stockfeld, the husband of the plaintiff, to go with them as his guest. The two men sat in the front seat and the children in the rear. They drove to Grafton on highway No. 81 and returned on highway No. 44. Sayre at no time drove faster than thirty-five miles an hour as the car was new and on its first trip. At about 5:30 P. M., when about four miles from Manvel, on the return trip, he noticed an approaching car, possibly a mile from him, but paid little attention until he noted that the car had swerved from its right side of the road to the side upon which Sayre was driving. He blinked his lights several times as a warning; but the car continued its approach at a rate of about sixty miles an hour. The defendant had never been on this road in daytime. It was dark, and he did not know the depth of the ditch to his right, but assumed it was the same as those on the adjacent highway No. 81, or three or four feet. It developed on the trial that the ditch on each side of the road at the point where the accident took place was only about two feet deep, with a fair slope. When the approaching car was about one hundred yards distant, and rushing rapidly on the wrong side of the road, Sayre considered whether he should take to the ditch on the right-hand side of the road in order to save his guest, his children, and himself; whether he should continue on the right side of the road in the hope that the approaching car would stop or swerve; or whether he should attempt to cross the road, pass on the left side, and as a last resort take to the ditch on his left side. Being confronted with this problem, the approaching car being so near, he deemed it unsafe to take the ditch at the right as he was too near the shoulder of the road and would upset, and so decided to dart across to the left side of the road in the hope he would be able to pass the oncoming car on that side or take the left-side ditch at such an angle as to safeguard the lives of the occupants of his car. He had but a few seconds to determine this issue, and he determined on the latter course. He testified:

"I had scarcely gotten over to the left side of the center when the Barto car suddenly swerved back to the east side of 44. Then it was only a split fraction of a second in which to act. I gave the steering wheel a sudden jerk to get into the lefthand ditch, but I didn't quite make it." Further he stated that as soon as he saw the car swerve toward him he put his foot "on the gas pedal and with all the strength

I had gave the wheel a jerk, and did everything I could to get in that lefthand ditch, but didn't make it."

This approaching car was driven by the defendant Barto. (Later he was convicted of manslaughter in the second degree because of this collision.) Barto himself was injured and while in the hospital was interviewed. At that time he admitted he had been traveling at a speed of between fifty-five and sixty miles an hour; that he had been over in East Grand Forks and there drank intoxicating liquors; that he had a bottle of whiskey with him and had drunk from this bottle. The record shows he and a companion had left Grand Forks shortly after five, traveling north. He was under the influence of intoxicating liquors. While thus traveling he was running from fifty to sixty miles an hour, on his left side of the road part of the time, and had forced another car almost into the ditch.

In the collision involved in this action the guest and the three children were killed. The record is silent as to what the guest saw, said, or did.

The plaintiff brought this action against the drivers of both cars, alleging that the collision occurred because of the gross negligence of the defendant Sayre and the negligence and carelessness of the defendant Barto.

The defendant Sayre answered, admitting that William Stockfeld was his guest on this trip and that the latter died as a result of the injuries received in the collision, denied negligence on his own part, alleged that the deceased William Stockfeld was riding in the front seat of the automobile as his guest, "had clear vision ahead, and full opportunity to observe . . . the approaching automobile . . . and . . . to offer any suggestions he wished with respect to the best method of meeting the emergency . . . but . . . did not protest, and assumed any risk incident to the operation of his host's car . . . ," and further alleged that the collision was caused by the negligence of the defendant Barto operating his car "while in an intoxicated condition; . . . driving on the left side of the highway at an excessive, dangerous, and unlawful rate of speed. . . ."

Defendant Barto defaulted. The case was submitted to the jury and a verdict returned in favor of the defendant Sayre for the dismissal of the action against him.

The plaintiff moved for a new trial based on the same specifications of alleged error as on this appeal. The trial court denied the motion and plaintiff appeals.

Appellant sets forth twelve specifications of error, as follows: The court erred in instructing the jury:

1. "The burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence that the collision and the death of William Stockfeld resulting therefrom were due to the gross negligence of the defendant, Josiah L. Sayre."

2. "It is undisputed that William Stockfeld was riding in the car of the defendant, Josiah L. Sayre, at the time of the accident, as the guest of the defendant, Josiah L. Sayre. It is provided by the laws of this state that any person who, as a guest, accepts a ride in any vehicle moving upon any of the public highways of the state of North Dakota, and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver, or person responsible for the operation of said vehicle, unless the injury to such guest is the proximate result of the intoxication, wilful misconduct, or gross negligence of such owner, driver, or person responsible for the operation of such vehicle."

3. "Gross negligence is the want of slight care and diligence. Slight care and diligence is such care and diligence as persons of ordinary prudence usually exercise about their own affairs of slight importance. Gross negligence is, to all intents and purposes, no care at all. It is the omission of care which even the most inattentive and thoughtless seldom fail to take of their own concerns. It evinces a reckless temperament. It is a lack of care which is practically wilful in its nature. It is the absence of even slight care."

4. "If you find from the evidence that the deceased, William Stockfeld, was able to observe any danger incident to the meeting of the two cars, and had an opportunity to warn the defendant Sayre about the danger, and did not do so, then the decedent, William Stockfeld, acquiesced in, and assumed the risk of such driving and management of the car by the defendant, Sayre, at the time of the collision."

5. "Before you can find a verdict against the defendant, Sayre, you must be satisfied from a fair preponderance of the evidence that the defendant Sayre was grossly negligent in operating his car at the time

of the collision, and that such gross negligence was the proximate cause of the injury to, and death of, William Stockfeld."

6. "You are further instructed that if you find that the defendant, Mathew Barto, was negligent in the operation of the automobile he was driving, and that such negligence on the part of Mathew Barto was the proximate cause of the accident, and the resulting injury to, and death of, William Stockfeld, then I charge you that in that case the plaintiff cannot recover against the defendant, Josiah L. Sayre, and your verdict should be for a dismissal of said action, as far as the defendant, Josiah L. Sayre, is concerned."

7. "The defendant, Sayre, contends that he did all in his power to avoid a collision. I charge you as a matter of law that when a sudden emergency arises in which only a small interval of time is given the driver of a car in which to act, he is not to be charged with negligence because he did not do everything that one might do with more time and opportunity in which to act."

8. "If you find from a fair preponderance of the evidence in this case that Sayre's car collided with the car driven by Barto, by reason of the negligence and carelessness of the defendant Barto, and that there was no gross negligence on the part of the defendant, Sayre, in operating his car, then your verdict should be against the defendant Mathew Barto alone."

9. "Three forms of verdict will be submitted to you in this case. If your verdict is in favor of the plaintiff and against both the defendants, the form of your verdict will be: We, the jury in the above entitled action, find for the plaintiff and against the defendants, and assess plaintiff's damages at the sum of $.......... (Here you will insert the amount of damages which you find that the plaintiff is entitled to recover under the evidence and the instructions of the Court.)

"If your verdict is for the plaintiff and against the defendant Mathew Barto alone, the form of your verdict will be: We, the jury in the above entitled action find for the plaintiff and against the defendant, Mathew Barto, and assess plaintiff's damages at the sum of $.......... (Here you will insert the amount that you find plaintiff is entitled to recover in case you find for the plaintiff and against the defendant Barto alone.)

"If your verdict is in favor of the defendant Sayre, it will be: We,

50

the jury in the above entitled action, find in favor of the defendant, Josiah L. Sayre, and against the plaintiff herein, for the dismissal of said action against Josiah L. Sayre."

The court erred in refusing to instruct as follows:

10. "I charge you that under our law gross negligence consists in the want of slight care and diligence. Slight care and diligence means such care and diligence as persons of ordinary prudence usually exercise about their own affairs of slight importance.

"Gross negligence is a relative term and whether or not a certain act is or is not gross negligence depends upon all the circumstances, and must of necessity vary with the circumstances of each particular case."

11. "You are instructed that if you find that the defendant Sayre was grossly negligent and that Sayre's grossly negligent acts were concurrent with the negligent acts of the defendant, Barto, and that the concurrent negligence of each produced a condition resulting in injuries and death to William Stockfeld, that the plaintiff may recover damages jointly against both defendants by reason of this concurrent negligence of the two, without regard as to whose negligence was the proximate cause of the injury."

12. "The court erred in its instructions to the jury in that the entire charge to the jury is couched in such language that it tends to emphasize the negligence of Barto, and that the proper rule of law governing the liability of joint tort-feasors is not properly expressed in said instructions, and that the instructions contain in effect two possible verdicts when the pleadings and the proofs required the submission of four possible verdicts."

The so-called "guest statute" involved is chapter 184 of the Session Laws of 1931. This statute proceeds on the theory that as a general proposition a guest who accepts a ride in any vehicle and while riding as such guest receives an injury has "no right of recovery against the owner or driver or person responsible for the operation of such vehicle." To this general proposition there is an exception in § 2 of the act as follows: "Nothing in this Act contained shall be construed as relieving the owner . . . responsible for the operation of a vehicle from liability for . . . death of such guest proximately resulting from the . . . gross negligence of such owner . . . ; provided, that in any action for death . . . on behalf of . . . heirs . . .

the burden shall be upon the plaintiff to establish that such . . . gross negligence was the proximate cause of such death. . . ." Thus, before the plaintiff in this case can recover, she must show, not only that the defendant Sayre was guilty of gross negligence, but also that his gross negligence "was the proximate cause of such death or injury or damage."

There is no question about the gross negligence of the defendant Barto, and the plaintiff admits it was proper for the court to submit to the jury the question of whether, under all the circumstances of this case, the defendant Sayre was guilty of gross negligence at the time of the collision. In this respect it is clear there would have been no issue as to the gross negligence of defendant Sayre were it not for the actions of the defendant Barto.

Plaintiff states that she does not object to the charge of the court set forth in specification No. 2, but urges that this statement applies only in an action of a guest against a host, but should have been qualified "in an action by a guest against a host and another joint tort-feasor and that therefore said statement contained in the above instruction, does not properly cover the law applicable to the case at bar, for the reason that it is not qualified or explained so as to cover the law applicable in case of joint tort-feasors."

While plaintiff specifies that the court erred in instructing the jury as is set forth in specification of error No. 8, she "does not object to this instruction so much as a statement of law but contends that a similar instruction should have been given concerning the situation which would warrant a judgment against the defendant Sayre alone, as such charge standing alone without the parallel charge suggested, tends to unduly suggest the negligence of Barto and to minimize the negligence of Sayre."

The plaintiff claims the court erred in charging the burden was upon the plaintiff to show Sayre's gross negligence was *the* proximate cause of the collision as she had joined the defendant Barto in this case and thus it was not necessary for her to prove that the gross negligence of Sayre was *the* proximate cause because of the concurrent negligence of the two parties; that it was sufficient if she showed it was *a* proximate cause and that the court should have so instructed.

It is the contention of appellant that where injury such as the one

involved is the result of a collision between two automobiles and the person injured is a guest of the driver of one of the cars, the guest statute in this case must be "qualified in an action by a guest against the host driver and another joint tort-feasor;" that to charge that "the injury must be caused from the proximate result of the . . . gross negligence of the driver" is "misleading in an action against joint tort-feasors, one of which is the host driver, and that such rule is qualified in such joint actions by a rule of law wherein it is not necessary to prove that the gross negligence of the host driver was *the* proximate cause of the injury, but only that the grossly negligent acts of the host driver concurred with negligent acts of a third person to produce the injury complained of. Hence the instruction should be that if the host driver was grossly negligent and his gross negligence concurred with negligent acts of a third party which produced a situation which proximately caused the injury complained of both the negligent persons are liable. Or, if the court accepts the theory of two proximate causes, then the guest must prove that the host driver was guilty of gross negligence which was was *one* of the proximate causes of the accident, but not necessarily *the* proximate cause of the accident."

The confusion seems to arise because of the term "proximate cause." The trial court did not in express terms define this term; but throughout the instructions the court used it, and in a proper sense, and there was no request for any express definition.

To constitute a negligent act *the* proximate cause of injury, it is not necessary that it be the sole cause. Palacine Oil Co. v. Philpot, 144 Okla. 123, 289 P. 281, 289; Gulf, C. & S. F. R. Co. v. Green (Tex. Civ. App.) 141 S. W. 341, 346; Waco v. Branch (Tex. Civ. App.) 8 S. W. (2d) 271, 276. It is true some courts use the term "a proximate cause" with reference to each of concurrent acts where the injury is the result of concurring negligence (see Johnson v. Northwestern Teleph. Exch. Co. 48 Minn. 433, 51 N. W. 225, 226); but the more accurate language is that used in La Londe v. Peake, 82 Minn. 124, 84 N. W. 726, 727: "It is hardly necessary to state the rule as to proximate cause, and what it is. The application, always difficult, is that where several acts or conditions of things, one of them the wrongful act or omission of the defendant, produce the injury, and it would not

have been produced but for such wrongful act or omission, such act or omission is the proximate cause of the injury, if it be one which might reasonably be anticipated as a natural consequence of the act or omission." Where the action is brought against two or more defendants the liability of each defendant is to be established independent of the act of the other (not necessarily requiring the apportionment of damages) and as to each of such defendants his concurrent act of negligence is the proximate cause so far as he is concerned. This language from Washington & G. R. Co. v. Hickey, 166 U. S. 521, 523, 41 L. ed. 1101, 1102, 17 S. Ct. 661, is applicable here: "The vice . . . consists in the attempted separation into two distinct causes . . . of what in reality was one continuous cause. . . . This is an attempt to separate that which upon the facts in this case ought not to be separated. The so-called two negligent acts were, in fact, united in producing the result, and they made one cause of concurring negligence on the part of both . . . defendants. They were in point of time . . . simultaneous acts and parts of one whole transaction. . . ." We may say, quoting Colorado Mortg. & Invest. Co. v. Rees, 21 Colo. 435, 42 P. 42: "Where an injury is the result of the combined negligence of the defendant (Sayre) and the negligent or wrongful act of a third person (Barto), for whose act neither plaintiff nor defendant (Sayre) is responsible, the defendant (Sayre) is liable when the injury would not have occurred except for his negligence."

See also Colorado Mortg. & Invest. Co. v. Giacomini, 55 Colo. 540, 563, 136 P. 1039, 1040, L.R.A.1915B, 364. "When injury occurs through the concurrent negligence of two persons, and would not have happened in the absence of either, the negligence of both is the proximate cause of the accident, and both are answerable." See 22 R. C. L. pp. 129, 130, § 16. Two independent negligent acts may concur to produce a certain distinctive result, and in a loose sense it is often stated that each act is a proximate cause. The concurrence of the acts is the proximate cause and each party guilty of negligence is answerable for the proximate cause. This matter is well stated in Thomas v. Chicago Embossing Co. 307 Ill. 134, 138 N. E. 285, where the court says: "To be the proximate cause of an injury, the negligent act or omission must be one of the essential causes producing the injury, but need not be the sole cause nor the last or nearest cause, and it is suffi-

cient if it concurs with some other cause acting at the same time, which in combination with it causes the injury."

However, this does not modify the exception to the guest statute. Where the same degree of care is exacted from each actor, then each is tested by the same rules; but under the law in this case Barto, as concurring in the proximate cause, was liable because of ordinary negligence, whereas the defendant Sayre, though his act concurred in causing the proximate cause, must be shown to have been guilty of gross negligence before the plaintiff may recover.

Hence, it is quite possible that under a situation as is involved here, while both actors were negligent, judgment could be rendered against Barto and not against Sayre. Therefore, the court was right in charging that if the collision was caused by the negligence of Barto, and "that there was no gross negligence on the part of the defendant Sayre in operating his car, then your verdict should be against the defendant Mathew Barto alone."

With reference to specifications of error Nos. 1 and 3, we see no error. In both cases the court instructed in the language of the statute.

With reference to specification No. 9, appellant says that, under the evidence in the case, the defendant Barto having defaulted, there were but two possible forms of verdict to be submitted to the jury—the first and the second form—and that the third form should not have been given or that if the court insisted on giving the third form, he should also have included a fourth form, "permitting the jury to find against the defendant, Sayre, alone." But that is in effect the third form set forth. We see no error in the forms of the verdict submitted.

Specification of error No. 10 sets forth a request of the plaintiff, but we see no error in refusing the request in the light of the instruction actually given by the court. The court properly instructed the jury as to gross negligence, and that this gross negligence, after being established, must have been the proximate cause.

The evidence shows quite conclusively that if it had not been for the action of Barto, defendant Sayre would not have moved over to the left side of the road. It was a question for the jury to determine whether this act of Sayre, under all the circumstances in the case, was gross negligence. See Jacobs v. Nelson, 67 N. D. 27, 268 N. W. 873. If

Sayre was justified in moving to the left side of the road in an attempt to save the lives of his guest and his children and himself, or to save them from injury, then he was not negligent. It is quite possible that if the defendant Sayre had not been on the left side of the road at that time there would have been no collision. But before the plaintiff may recover she must show that Sayre's moving to the left side of the road was in itself gross negligence under all the facts in the case. If she has not shown this, then the fact that, in all probability, there would have been no collision, would not justify a recovery on her part.

Specification of error No. 11 says the court should have instructed as requested therein. The court did not err. The request assumes there could be two or more proximate causes in the sense of two independent acts. The concurrence of the acts would justify a verdict against the defendant Sayre only in case it was an act of gross negligence for him to do what he did do.

It is not necessary for us to pass upon the alleged error in specification No. 4. We have examined the evidence carefully, and there is nothing whatever to show that the deceased Stockfeld observed any danger or had opportunity to warn the defendant Sayre and did not do so. If there were error in this instruction, it certainly was error without prejudice when we consider all of the evidence in the case.

What has been said already disposes of the specifications of error Nos. 5 and 6.

With reference to specification No. 7, there is no serious contention of error in what was said, but it is claimed the instruction was not sufficiently complete in that "it fails to state that the emergency, if any, must not be created by the defendant himself, and therefore the same is prejudicial." There was no request for amplification and the fact that the jury was not charged as to the creation of the emergency is of little moment here because the undisputed fact shows that whatever emergency existed was created by Barto.

We need not dwell on specification No. 12 as it is merely general in its outline.

Under the facts in the case there was but one real issue to be determined, as the admitted fact that Sayre was on the left side of the road and that the collision took place there was the proximate cause of the injury so far as Sayre was concerned. The real issue was whether it

was gross negligence on his part to be there under the circumstances. The jury found it was not gross negligence and there is ample evidence to sustain that finding. The order denying a new trial is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON and MORRIS, JJ., concur.