Marcella BRILEY, for the Use and Benefit of herself and Dolores Ann Briley, Jacqueline Briley, and Michael John Briley, Minors, and Vonne Jo Briley, for the Use and Benefit of Lonnie Dale Briley, a Minor, Plaintiffs and Respondents,

v.

Gary E. AUSTAD, Erwin Austad, Catherine M. Haugen, Weldon L. Haugen, Alvin William Frericks and Garritt Bakker, Defendant and Appellant,

and

Alvin William Frericks, Defendant and Respondent.

No. 7854.

Supreme Court of North Dakota.

April 17, 1961.

Mackenzie & Jungroth, Jamestown, for defendant and appellant.

Bosard, McCutcheon & Coyne, Minot, for plaintiffs and respondents.

Strutz, Jansonius & Fleck, Bismarck, for defendant and respondent, Alvin William Frericks.

SATHRE, Chief Justice.

This is an appeal from a judgment of the district court of McLean County in favor of the plaintiffs and against the defendants.

The action was brought under the so called wrongful death statute. Sec. 32–2101 NDRC 1943. The facts are substantially as follows:

On the evening of November 9, 1957 at about 9:10 p. m. the defendant Gary E. Austad was driving a truck in a southerly direction on a section line road which intersects state highway No. 37 about two and one half miles east of the Village of Roseglen. On the same evening Mrs. Catherine Haugen was driving an automobile in an easterly direction on highway No. 37. She saw Gary E. Austad driving south on the section line road. She signalled him to stop as he approached the intersection. He turned right, facing west and stopped his truck approximately six feet to the north of her car. He stepped out of his truck and they had a brief conversation after which he went back to his truck and proceeded in a westerly direction on said highway No. 37. He stated that he was shifting from low gear into second and had attained a speed of about ten miles per hour when a station wagon driven by the defendant Alvin William Frericks, crashed into the rear of his truck. Jimmy Glen Briley was a passenger in the station wagon driven by Alvin William Frericks and as a result of the collision or crash he was fatally injured and died. The visibility was poor at the time of the collision because of a heavy fog in the area.

Jimmy Glen Briley was twenty three years old at the time of his death. He had been married twice. His first wife Vonne Jo Briley from whom he was divorced was the mother of his son Lonnie Dale Briley who at the time of the trial was of the age of three years. His second wife, Marcella Briley is the mother of his daughter Dolores Ann Briley who at the time of the trial was of the age of one year.

The action was brought by Marcella Briley, for the use and benefit of herself and Dolores Ann Briley, and by Vonne Jo Briley for the use and benefit of Lonnie Dale Briley as plaintiffs against the defendants Gary E. Austad and Alvin William Frericks.

The action was originally brought against six defendants, Erwin Austad, father of Gary E. Austad, Catherine M. Haugen and Weldon Haugen, her husband, Garritt Bakker owner of the station wagon driven by Alvin William Frericks, Gary E. Austad and Alvin William Frericks. By stipulation of the parties the action was dismissed as to all of the defendants, except Alvin William Frericks and Gary E. Austad.

The complaint alleges that the plaintiffs were dependent upon the deceased Jimmy Glen Briley for their support and maintenance; that he was killed as a result of the careless and negligent operation by the defendants, Alvin William Frericks and Gary E. Austad of their motor vehicles and that the action is brought in behalf of the plaintiffs and their children pursuant to the provisions of Chapter 32–21 NDRC 1943 as their respective interests may appear.

The complaint further alleges that the plaintiff Marcella Briley and her minor daughter Dolores Ann Briley were wholly dependent on the deceased Jimmy Glen Briley for subsistence and support at the time of his death; and that the plaintiff Vonne Jo Briley was having difficulty providing for the subsistence and support of her son Lonnie Dale Briley at the time of the death of Jimmy Glen Briley.

Judgment is then demanded for damages and that the same be in such shares as the court may determine to be equitable and just and for their costs and disbursements.

The defendants answered separately, generally denying liability and affirmatively alleging contributory negligence on the part of the deceased, Jimmy Glen Briley. The case was tried to the court and a jury. A verdict was returned for the plaintiffs in the sum of $25,000 and judgment was entered on the verdict.

At the close of plaintiffs' case the defendants moved for dismissal of the action which was denied. They then moved for a directed verdict in their favor which motion was denied. At the close of all the testimony both defendants made motions for directed verdicts which motions were also denied.

Thereafter the defendant Gary E. Austad made a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The motion was denied and the defendant Gary E. Austad appealed from the order denying his motion for judgment notwithstanding the verdict and from the judgment. The defendant Alvin William. Frericks did not appeal. He obtained an order from the trial court permitting him to deposit in court for the benefit of the plaintiffs $12,500 upon the condition that the acceptance thereof by plaintiffs should in no way affect the rights of the parties for contribution, or the right of the defendant Gary E. Austad to appeal, nor should acceptance by the plaintiffs of said sum of $12,500 release either Austad or Frericks from liability on the judgment.

Appellant Austad assigns five specifications of error as follows: "(1) That the Court erred in denying defendant, Gary E. Austad's motions for Directed Verdict for a Dismissal, made at the close of plaintiffs' case, and at the end of the entire case. (2) That the Court erred in denying defendant, Gary E. Austad's motions for a Dismissal, made at the close of the plaintiffs' case, and at the end of the entire case. (3) That the evidence is insufficient to sustain the verdict in that it showed no negligence on the part of the said Gary E. Austad in that the accident occurred while he was proceeding at a slow rate of speed in his own lane with tail lights working. (4) That the verdict is excessive. (5) That the defendant Gary E. Austad, was determined to be a joint tort feasor with a person who was grossly negligent and that it is impossible under the law for one ordinarily negligent to be liable as a joint tort feasor with one who is grossly negligent."

Since Frericks did not appeal the question before us is whether negligence on the part of Austad was a proximate cause of the death of Jimmy Briley.

It is contended by plaintiffs that the defendant Austad negligently operated his truck without proper lights—specifically that at the time of the collision his truck had no tail lights. The defendant Frericks testified he had a conversation with the defendant Gary E. Austad immediately after the collision and that Austad "told me it was his fault and that he didn't have no lights."

The only evidence tending to show that the rear light of the truck may have been burning was the testimony of Mr. Plummer, a garage operator, who testified at the trial that after the truck had been towed to the garage he examined a broken bulb, found on the dash of the station wagon that crashed into the truck; that it fit into the brass socket on the truck, and that when current was applied to the wires it would come through to the socket. However he stated that he did not know whether the tail light was burning at the time of the collision.

■ It is undisputed that the collision occurred at about 9:10 p. m. on the evening of November 9, 1957, and that the visibility was very poor because of heavy fog in the area. The question before the jury was whether the truck driven by the defendant Gary E. Austad was properly lighted, that is, whether its rear lights were burning immediately before and at the time of the collision. We have referred to the testimony relative thereto and it is not necessary to review it here. In view of the fact that the collision occurred at night and the additional fact that the visibility was obstructed because of heavy fog in the area it was the duty of the driver to see to it that his vehicle was equipped with proper lights.

■ It is well settled that negligence and contributory negligence are questions

of fact for the jury, unless the evidence is such that reasonable men could arrive at but one conclusion therefrom. Quam v. Wengert, N.D., 86 N.W.2d 741; Geier v. Tjaden, N.D., 74 N.W.2d 361.

It is next argued that the verdict is excessive.

■ Jimmy Glen Briley was of the age of twenty three years at the time of his death. He was physically strong, industrious and in good health. His life expectancy at the time of his death was 44.88 years. His widow was 22 years old and her child was one year old. She was dependent upon him for support and maintenance of herself and her child. His son Lonnie Dale, who was three years old at the time of the trial, by his divorced wife, was also dependent upon him for support and maintenance. Considering the tender years of the children dependent upon the deceased for their support, maintenance and education, and all the facts and circumstances before us we can not say that the verdict of the jury was excessive.

■ We now come to the last specification with reference to defendant Austad's claim that he was determined to be ordinarily negligent and therefore could not be held jointly liable with one who was grossly negligent. This specification was one of the grounds upon which defendant Austad based his motion for judgment notwithstanding the verdict. In ruling on the motion the trial court made the following statement:

"The court entirely disagrees with the statement made in ground No. 5. Both parties defendant, Austad and Frericks, were negligent."

The trial court instructed the jury as follows:

"Now with reference to the case against Gary E. Austad, in order to recover, it is necessary that plaintiffs prove to your satisfaction by a fair preponderance of the evidence that Jimmy Glen Briley was injured and met his death as a proximate cause of ordinary negligence on the part of Gary E. Austad in operating the truck he was driving. The death of Briley might have been caused by the negligence of both Austad and Frericks, and their joint negligence might have been a proximate cause thereof. The burden is on the plaintiffs to prove their cases against defendant by a fair preponderance of the evidence.

"If the plaintiffs have failed to prove their case against Gary E. Austad by the rules laid down herein, then you will find for said defendant Austad for dismissal of this action."

Copies of the written instructions were submitted to the plaintiffs and to the defendants. No exception was taken to the instruction quoted above by the defendant Austad or by the defendant Frericks. These instructions submitted to the jury the issues as to whether the defendant Austad was guilty of ordinary negligence, and if the jury so found, whether such ordinary negligence was a proximate cause of the death of Jimmy Glen Briley.

Under the quoted instructions the jury returned a verdict for the plaintiffs jointly against both defendants.

In the case of Stockfeld v. Sayre, 69 N.D. 42, 283 N.W. 788, 789 in paragraphs 2 and 3 of the Syllabus it is stated:

(2) "Where the injury to such a guest is caused by the concurrent act of negligence on the part of the host and negligence on the part of a third person for whose act neither the plaintiff nor the defendant is responsible and would not have happened in the absence of either, the concurring acts are the proximate cause of the injury, and each delinquent is answerable for the result."

(3) "In such an action to recover damages for the death of a guest, brought against the host and a third person for whose act neither the plaintiff nor the host is responsible, the host is not responsible in damages unless the plaintiff prove his concurring act of negligence was gross negligence, and the fact that the plaintiff has joined this third person as a joint tort feasor does not permit the plaintiff to recover against the host for ordinary negligence."

In the instant case the collision between the two vehicles involved resulted from the concurrent acts of the two defendants Frericks and Austad. The collision could not have happened in the absence of either Austad or Frericks. Frericks testified positively that Austad's truck had no tail lights and his testimony is not directly contradicted. The defendant Austad testified that when he got into his truck after the conversation with Mrs. Haugen he saw the lights of a car coming from the east over a slight rise. Because of the darkness of the night and the poor visibility on account of fog it was his duty to warn approaching cars by keeping the lights of his truck burning.

■ There is a conflict in the testimony as to whether the rear lights on Austad's truck were burning at the time of the collision and therefore presented a question of fact properly submissible to the jury with other issues of fact in the case, notwithstanding Austad may have been determined to be only ordinarily negligent. Jimmy Glen Briley, the guest in Frericks' station wagon was not responsible for the acts of either defendant Frericks or the defendant Austad.

In 86 C.J.S. Torts § 38, p. 953, is the following statement as to comparison of negligence or culpability:

"Each participant in a wrongful act is responsible as a joint tort-feasor for all the ensuing damage regardless of whether or not he was the direct actor and the degree of his activity or culpability. The degree of culpability of each of the wrongdoers cannot be compared, nor will their liability be affected by the relative degree of negligence or of the care required. It is sufficient to support a recovery if the negligence of both be a contributory cause, even though one owes to the person injured a higher degree of care and even though there be different degrees of negligence by each * * *"

We think the trial court was correct in submitting to the jury the question whether defendant Gary Austad was negligent and if negligent, whether his negligence was a proximate cause of the collision which resulted in the death of Jimmy Glen Briley. The jury returned a verdict in favor of the plaintiffs and against both defendants. We think the evidence is sufficient to support the verdict.

The order denying the motion for a new trial and the judgment are affirmed.

TEIGEN, BURKE and MORRIS, JJ., concur.

STRUTZ, J., deeming himself disqualified did not participate.