W. E. MICHAELSOHN and Austin D. Michaelsohn, by his next friend, W. E. Michaelsohn, Plaintiffs, W. E. Michaelsohn, Plaintiff and Respondent,

v.

Basil Wayne SMITH, Defendant and Appellant.

No. 7932.

Supreme Court of North Dakota.

Feb. 15, 1962.

Nilles, Oehlert & Nilles, Fargo, for appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for respondent.

BURKE, Judge.

In this action plaintiff, W. E. Michaelsohn, sued in his own behalf, and as next friend, in behalf of his minor son, Austin D. Michaelsohn, for damages which he alleged were proximately caused by the negligence of the defendant, Smith. The defendant answered, denying any negligence on his part, alleging contributory negligence on the part of Austin Michaelsohn, and counterclaiming for damages which he alleged were proximately caused by the negligence of Austin Michaelsohn. At the trial of the case the jury awarded a verdict to W. E. Michaelsohn for damages to his automobile, and dismissed both the claim of Austin Michaelsohn and the counterclaim of the defendant. Judgment was entered in accordance with the verdict and defendant has appealed from the judgment.

Appellant's first specification of error is that the trial court erred in denying defendant's motion for a directed verdict upon the ground that the evidence established contributory negligence on the part of Austin D. Michaelsohn, as a matter of law, and that such negligence was legally imputable to his father, W. E. Michaelsohn.

It appears from the record that an automobile owned by W. E. Michaelsohn and operated by his son, Austin, collided with an automobile, owned and operated by the defendant at the intersection of 9th St. and 13th Ave. N. in Fargo, Austin Michaelsohn was returning home from visiting a fellow student at North Dakota State University, with whom he had been working on a school project. His father, W. E. Michaelsohn was not in the car. The defendant was returning home from visiting with his sister and brother-in-law. As a result of the collision both cars were damaged and Austin Michaelsohn received minor physical injuries.

In his brief on this appeal, the defendant concedes his own negligence but he asserts that the evidence also conclusively establishes contributory negligence on the part of Austin Michaelsohn. Since, however, the jury dismissed Austin Michaelsohn's claim, and found only in favor of W. E. Michaelsohn, the contributory or concurrent negligence of Austin Michaelsohn is of no materiality unless such negligence be imputable to his father, W. E. Michaelsohn, under the family purpose rule or doctrine. Where the concurring negligent acts of two parties are the proximate cause of injury, each delinquent is responsible for the result. Stockfeld v. Sayre, 69 N.D. 42, 283 N.W. 788.

The issue is whether the "Family Purpose Doctrine", as applied to automobiles, will prevent a father from recovering for damages to his automobile when such damages were proximately caused by the concurrent negligence of the driver of another automobile and the negligence of the family member driver of the father's automobile. The "Family Purpose Doctrine" was first adopted in this state in the case of Ulman v.

Lindeman, 44 N.D. 36, 176 N.W. 25, 10 A.L.R. 1440, with Judges Birdzell and Christianson dissenting. The decision of the majority was founded upon the theory that the driver of a family car, in pursuit of recreation or pleasure, was engaged in the owner's business and that therefore the doctrine of respondeat superior applied, because the driver was either the agent or servant of the owner. In Carpenter v. Dunnell, 61 N.D. 263, 237 N.W. 779, the liability of the car owner for the negligence of a member of his family was predicated upon a master and servant relationship. In Bryan v. Schatz, 77 N.D. 9, 39 N.W.2d 435, this court concluded that rule of liability was established in this court and made no attempt to state the basis of the rule.

If it be considered reasonable to augment the meaning of the word "business", as originally used in applying the rule of "respondeat superior" in cases involving master and servant and principal and agent, to include the furnishing of an automobile for convenience, recreation and pleasure of all of the members of a family individually, and thus to hold that a son driving the family car for his own pleasure or recreation is engaged in his parent's business, it would seem to follow, that the son's negligence in driving the car, whether such negligence was primary, concurrent or contributory, should be imputed to the parent.

In about one half of the states, however, the family purpose doctrine has been rejected. Blashfield, Cyc. of Automobile Law and Practice Sec. 3120, p. 74, n. 81. The reasons for rejecting it have been similar to those stated by Judge Birdzell in his dissenting opinion in Ulman v. Lindeman, supra, wherein he stated: (44 N.D. 45, 176 N.W. 28)

"* * * the established legal doctrine of respondeat superior is simply the plausible pretext to justify a result arbitrarily reached. I can see no occasion to stretch settled legal doctrines beyond recognition in order to enforce what might at first blush seem to be a salutary rule of liability."

Courts that have adopted the rule have recognized that its assimilation into the law of master and servant and principal and agent is a fiction dictated by considerations of public policy. In Turner v. Hall's Administratrix, (Ky) 252 S.W.2d 30 it was said:

"Family Purpose Doctrine is a humanitarian one designed for the protection of the public generally, and resulting from recognition of the fact that in the vast majority of instances an infant has not sufficient property in his own right to indemnify one who may suffer from his negligent act."

In King v. Smythe, 140 Tenn. 217, 204 S.W. 296, L.R.A.1918F, 293, it was said:

"We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent." See also Durso v. Cazzolino, 128 Conn. 24, 20 A.2d 392; 5 Am.Jur. 704, Sec. 365.

In view of the genesis of the doctrine, courts have been hesitant to extend it beyond the needs of the public policy it is considered to serve. In Wylie v. Mountain Motors, 126 W.Va. 205, 27 S.E.2d 494, it was held that it does not apply in a suit where the determination of liability for the operation of an automobile is not the purpose of the action. Other courts have refused to apply the doctrine where an owner passenger in an automobile has been injured due to the negligence of a third party and the concurrent or contributory negligence of a family member driver of the owner's automobile. In these cases it has been held that, although the automobile was being used for a family purpose, the contributory negligence or concurrent negligence of the family member driver should not be imputed to the owner. In Bartek v. Glasers Provisions Co., 160 Neb. 794, 71 N

W.2d 466, it was held that the family purpose doctrine had no application to a case, where a wife owner of a car, which was being driven by her husband, was injured as the proximate result of the negligence of a third party, even though the husband's negligence may have contributed thereto.

After the Supreme Court of Iowa had rejected the family purpose rule, (Neubrand v. Kraft, 169 Iowa 444, 151 N.W. 455, L.R.A. 1915D, 691) the state legislature enacted Chapter 275, Acts of the 38th G. A. This statute provided that when damage is done by a car by reason of the negligence of a consent driver, "the owner of the car shall be liable for such damage." This statute goes further than the family purpose rule, because it includes consent drivers outside of the family circle who may be using the car for their own purposes. In construing the statute the Supreme Court of Iowa said:

"The statute in question was undoubtedly made into law to remedy this situation, (rejection of family purpose rule) to make the owner of an automobile responsible for the negligence of one to whom he had entrusted its operation. But there is no indication that the legislature intended to free a negligent third party who was involved in an accident with the car so driven by the consent of its owner from such negligence, even though the consent driver of the first car was also negligent." Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212, 216.

Although the Supreme Court of Minnesota had adopted the family purpose doctrine, (Ploetz v. Holt, 124 Minn. 169, 144 N.W. 745) the Minnesota State Legislature enacted a safety responsibility act. (L. 1933, c. 351) In construing this statute the Minnesota Court said:

"It is clear that the purpose (of the statute in question) was to make the owner of motor vehicles liable to those injured by their operation upon public streets and highways where no such liability would otherwise exist." Holmes v. Lilygren Motor Co. Inc., 201 Minn. 44, 48, 275 N.W. 416, 418.

In Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 417, 147 A. L.R. 945, the court said:

"The very reason for holding the consenting owner liable for negligence of the operator of his automobile, that of furnishing financial responsibility to an injured party, is completely absent in the owner's action to recover for damages sustained by him as a result of the concurrent negligence of the operator and the third party."

■ The family purpose doctrine and the financial responsibility statutes, such as those of Iowa and Minnesota have their origin in an identical public policy, that of giving an injured party, who is free of negligence, a cause of action against a financially responsible defendant. The doctrine was an extension of previously established rules of liability in order to "advance the dictates of natural justice." Its application, therefore, should only be coextensive with its purpose. To extend the doctrine to deny the right of a non-negligent car owner to recover from a negligent driver of another car would defeat the public policy the doctrine is intended to serve. It is our view therefore that the negligence of Austin Michaelsohn, if any, may not be imputed to W. E. Michaelsohn.

■ It was not error therefore to deny the motion for a directed verdict upon the ground of contributory negligence, insofar as the claim of W. E. Michaelsohn was concerned. If it was error with respect to the claim of Austin Michaelsohn, the error was not prejudicial because the jury dismissed his claim.

Only one other specification of error needs to be considered. That is, that it was error for the trial court to refuse a requested instruction with respect to proximate cause. The requested instruction was as follows:

"You are instructed with respect to the issue of proximate cause, that if you find from the evidence that plaintiff's automobile skidded on ice and snow into the intersection, and as a result thereof collided with defendant's automobile, and if you further find that had the condition of the roadway been dry so that plaintiff could have stopped his automobile in time to have avoided the accident, then the snow and ice, for which the defendant was not responsible, would be the proximate cause of the accident and the plaintiffs cannot recover in this case."

In support of this request defendant has cited cases involving railroad crossing collisions, in which the railroad's negligence in failing to sound a warning signal was held not to be a proximate cause of the collision. In these cases, plaintiff was aware of the approaching train, despite the fact that no signal had been given, but because of an unforeseen and unexpected slippery condition of the highway adjacent to the tracks was unable to stop and avoid the collision.

██ The authorities have no application to the circumstances of the instant case. Here the ice was not confined to the crossing area. The streets in the whole neighborhood of the intersection were covered with ice or packed snow. The drivers of both cars had been driving upon slippery streets for several blocks before they reached the intersection where the collision occurred. Since they were aware of the ice, it was a circumstance which called for a greater degree of care on their part. It was their duty to drive at a speed that was safe under the prevailing road conditions. Section 39–09–01 NDCC. Neither could avoid liability for a failure to use due care by an attempt to transfer the blame to the icy streets.

All of the other specifications of error urged by appellant relate to the alleged negligence of Austin Michaelsohn. In view of our holding that the concurring negligence of Austin Michaelsohn, if any, is not imputable to W. E. Michaelsohn, consideration of these specifications is unnecessary.

The judgment of the district court is affirmed.

SATHRE, C. J., and MORRIS, STRUTZ and TEIGEN, JJ., concur.