Stanley **HILLIUS** and T. E. Hillius, Jr., Plaintiffs and Respondents,

v.

Howard **WAGNER** and Hubert Wagner, Defendants and Appellants.

Civ. No. 8413.

Supreme Court of North Dakota.

Aug. 22, 1967.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for appellants.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for respondents.

PAULSON, Judge.

The plaintiffs brought an action to recover property damages to a 1965 Chevrolet automobile. The damages resulted from a collision with a 1965 Oldsmobile automobile owned by Howard Wagner and driven by his son, Hubert Wagner. The defendants counterclaimed for property damage to the Oldsmobile. The action was tried to the district court without a jury. Judgment was rendered in favor of the plaintiffs and the defendants have appealed from the judgment and demanded a trial de novo.

On the evening of May 15, 1966, one of the plaintiffs, Stanley Hillius, was driving a 1965 Chevrolet automobile and, at the time, was accompanied by his fiancee, Marjorie King. They were distributing handbills announcing their wedding dance. Stanley Hillius and Marjorie King testified that they had lunch at Jamestown and then proceeded to the village of Woodworth, North Dakota, where they arrived before midnight. Stanley then drove to a point approximately a quarter of a mile west of the junction of North Dakota Highways 30 and 36, and parked on a poorly maintained township road, at a point approximately 600 feet west of the T-intersection formed by the junction of said highways. Stanley Hillius testified that, in his opinion, he did not contemplate that there would be anybody else traveling on the road and that he did turn off his driving lights, but left the parking lights burning, and continued to have the motor of the vehicle operating. The evidence does not reveal the exact position in the road where Stanley parked his vehicle. He testified that he was parked partially on the right side of the road. The investigating patrolman, Dan Reardon, testified that the Hillius vehicle was parked some-

where in the middle of the roadway. Reardon further testified that, if he had an opinion, it would be possible for the Wagner vehicle to have gotten by the parked vehicle owned by the plaintiffs. The state highway patrolman also testified that the Hillius vehicle was parked, facing west, at a point at or just beyond the crest of a knoll, and which vehicle was visible to a car approaching from the rear. He further stated on the witness stand that on the night of the collision it was raining and foggy, and the visibility varied from zero to a few hundred feet. The patrolman measured the width of the roadway and indicated that it was 17 feet wide at the point of the collision and that the road was extremely slippery from the drizzle and the rain.

Hubert Wagner was driving his father's 1965 automobile on the night in question and, at approximately 1:15 a.m., he was traveling west along the township road on which the Hillius vehicle was parked. The Wagner vehicle struck the left rear portion of the Hillius vehicle, causing extensive damage to both automobiles. The parties to this action, through their attorneys, stipulated as to the amount of damages, which are as follows: $1,036.45, damage to the Hillius vehicle and $438.90, damage to the Wagner vehicle.

The attorney for the defendants conceded and admitted in open court that Hubert Wagner was driving in a negligent manner. The patrolman's testimony supports such admission and concession when he testified that he had conversed with Hubert Wagner shortly after the collision and that Mr. Wagner recalled having failed to stop at one stop sign, that he had had great difficulty in determining where the junction of Highways 30 and 36 was located and, accordingly, was not aware that he had driven through said junction. Wagner further indicated to the patrolman that he was familiar with the roads in the area of the accident. He said that he was driving at a speed of about 50 miles an hour, in spite of the poor visibility, and he failed to stop for a second stop sign and, as a result, drove onto the unimproved, little-traveled township road on which the collision with the parked Hillius vehicle occurred. It is apparent that Hubert Wagner did not at any time intend to travel on this unimproved, little-traveled township road.

The record reveals that Stanley Hillius was charged with illegal parking and that he entered a voluntary plea of guilty and paid a $10 fine. A perusal of Section 39–10–47 of the North Dakota Century Code indicates that Stanley Hillius did, in effect, violate the provisions of such statute, which reads as follows:

"39–10–47. *Stopping, standing, or parking outside of business or residence districts.*—Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway of not less than twelve feet opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway. This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

It is well settled that violations of statutory rules of the road, in cases not involving speed limits, are evidence of negligence and not negligence per se. Renschler v. Baltzer (N.D.), 95 N.W.2d 574; Attleson v. Boomgarden (N.D.), 73 N.W.2d 448. A violation of traffic regulations or a violation of law governing

highway traffic does not in itself prevent the plaintiffs from recovering damages. Fagerlund v. Jensen, 74 N.D. 766, 24 N.W.2d 816; Chambers v. Minneapolis, St. P. & S. S. M. Ry. Co., 37 N.D. 377, 163 N.W. 824.

While the violation of the statute is evidence of negligence, it must appear from all of the facts in evidence that such violation contributed proximately to the cause of the accident. We do not believe that the plaintiff's conduct in parking his vehicle in the manner stated in the record, on an unimproved, little-traveled township road, on a foggy, rainy night, while leaving his parking lights burning, and leaving sufficient room for the passage of other vehicles and when his vehicle was visible to a car approaching from the rear, was the proximate cause of the collision. The plaintiffs' attorneys urged that this collision could not have been avoided even though the plaintiffs' vehicle had been proceeding at a slow rate of speed rather than being parked, because of the manner in which the defendant Hubert Wagner was operating his motor vehicle. This contention appears to be well taken, and the district court found and determined that where Hubert Wagner was negligent in the operation of his vehicle, then the sole and proximate cause of such accident was the negligence of Hubert Wagner, one of the defendants in this case. As this court has said many times, on a trial de novo the findings of the trial court are entitled to appreciable weight, especially when based on the testimony of witnesses who appeared in person before the court. Grabau v. Hartford Accident & Indemnity Company (N.D.), 149 N. W.2d 361; Parceluk v. Knudtson (N.D.), 139 N.W.2d 864; Pauly v. Haas (N.D.), 84 N.W.2d 302. Giving the trial court's findings appreciable weight, we conclude that the action of the plaintiff, Stanley Hillius, in the parking of his vehicle in the manner hereinbefore set forth, was not the proximate cause of the accident and that the defendant, Hubert Wagner, who was familiar with the roads in the area, had previously driven through two intersections marked by stop signs, was driving at a high rate of speed on a foggy, rainy night and unintentionally drove off the hard-surfaced highway onto a little-traveled township road and struck the plaintiff's parked vehicle which was visible, was negligent and that his negligence was the sole proximate cause of the accident.

The second issue raised by the appellant is whether Howard Wagner, the father of Hubert Wagner, is entitled to recover on his counterclaim. Appellant cites Michaelsohn v. Smith (N.D.), 113 N.W.2d 571, 8 A.L.R.3d 1183, in which this court held that the negligence of the son may not be imputed to a father in a case in which both the son who was driving the family vehicle and the other driver involved in the collision were guilty of negligence. However, since we have found that the actions of the plaintiff, Stanley Hillius, in parking his vehicle on an unimproved road did not constitute the proximate cause of this collision and that the negligence of the defendant, Hubert Wagner, was the sole proximate cause of the collision, the decision of the *Michaelsohn* case, supra, has no application to the case at bar.

The judgment of the court is therefore affirmed.

STRUTZ, C. J., and ERICKSTAD, KNUDSON, and TEIGEN, JJ., concur.