Boyd MATTESON, Plaintiff and Respondent,

v.

Andrew POLANCHEK, Defendant
and Appellant.

Civ. No. 8515.

Supreme Court of North Dakota.

Jan. 23, 1969.

Freed, Dynes & Malloy, Dickinson, for plaintiff and respondent.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and appellant.

STRUTZ, Justice.

This is an action brought to recover damages suffered by the plaintiff when his automobile, driven by his wife, collided with a horse belonging to the defendant on a restricted section of the interstate highway. The facts, in brief, disclose that in the summer of 1967 the State Highway Department called for bids for cutting of hay on the right of way along Interstate Highway No. 94. This is a four-lane limited-access highway, crossing the State of North Dakota from east to west. The entire right of way along this highway is inclosed by a very substantial fence maintained by the Highway Department, and entrance to such right of way can be gained only through gates which are kept closed and locked.

The defendant was the successful bidder for the right to cut hay along a portion, about five miles in length, of this right of way. In order to permit him to have access to the area, the Highway Department maintenance supervisor delivered to him the keys to locks on the gates to such entrances to the right of way, along which he was to cut the hay. At the time of the accident which resulted in plaintiff's alleged claim, the defendant was in the process of harvesting hay. The defendant kept no cattle on his home place and had only one horse on such farm, which was adjacent to Interstate 94. Believing it was safe to do so, he left the gate to the right of way open in the evening of the day of the accident, since he intended to continue his haying operations the following morning.

The horse which the defendant owned and kept at the home place was a riding pony. It was confined in a very substantial corral. There is no evidence that the defendant was in any way negligent in the escape of this horse from its corral. In some unexplained manner the horse did get out of its corral on the night of the accident, however. It wandered through the gate which had been left open by the defendant in the fence to the right of way and was struck by the vehicle driven by plaintiff's wife as it came up from the median between the lanes of traffic at a point near the gate, causing the damage complained of to the plaintiff's automobile. At the time of the accident, the plaintiff's wife was driving the automobile at a legal rate of speed, in the right lane of traffic, with lights on low beam to keep them from blinding drivers coming from the opposite direction on the other side of the median. Both parties waived trial by jury, and the case was submitted to the court for determination. The court, on the above evidence, found for the plaintiff, and the defendant appeals to this court, demanding trial de novo.

■ Where an appeal is taken from a judgment in an action tried without a jury, and the appellant demands a trial de

novo, this court will try the case anew, giving appreciable weight to the findings of the trial court. Eickhof Construction Co. v. City of Grafton, 123 N.W.2d 580 (N.D.1963); C. I. T. Corporation v. Hetland, 143 N.W.2d 94 (N.D.1966); Wheat v. Patterson, 154 N.W.2d 367 (N.D.1967); Spielman v. Weber, 118 N.W.2d 727 (N.D. 1962).

The question raised by this appeal, involving collision between a motorist and livestock on a controlled-access interstate highway, is presented for the first time in this court. In all prior actions involving collision between a motor vehicle and domestic animals on a public highway, the issue to be determined had been whether the owner of the animals was negligent in allowing them to escape and get onto the highway where they were a hazard to motorists. In those cases, we held that the owner of livestock will be liable for damages caused by a motorist's striking such animals only when it is proved by the evidence that such owner failed to exercise ordinary care to prevent his stock from running at large on the highway. In such case, the question to be determined was whether the defendant exercised ordinary care to prevent his stock from running at large. Hennenfent v. Flath, 66 N.W.2d 533 (N.D.1954).

From decisions of this court holding the owner of livestock liable only if it is established that he failed to exercise ordinary care to prevent his stock from running at large, the defendant argues that the plaintiff, in order to recover in this case, has the burden of showing that the defendant failed to exercise ordinary care to prevent his horse from running at large. He then argues that since the record in this case establishes that the horse was confined in a strong and substantial corral and that there was no evidence that the defendant was negligent in its escape, the plaintiff cannot recover and the judgment of the trial court must be reversed.

 If this were the usual case of a collision between an automobile and live-stock upon an ordinary highway, such as was involved in prior decisions relied upon by the defendant, the question to be determined, of course, would be simply whether the defendant, as owner of the horse, was negligent in permitting it to escape onto the highway. This is the question which the defendant contends is the sole issue on this appeal. We do not agree with him that this is the only issue before us on this appeal, for in this case we have an additional question to be determined. As has been pointed out, Interstate 94 is a four-lane, limited-access highway which crosses the entire State of North Dakota from east to west. It is protected for its entire length by a very substantial fence, and entrance to the highway can be made only at limited-access points. Entrance to the right of way can be gained only through gates which are kept closed and locked. The alleged negligence of the defendant in this case is not that he failed to keep his horse confined, but that he failed to close the right-of-way gate. This alleged negligence permitted the horse, or any other animal that might have come along, to gain entrance to the right of way and to suddenly appear on the highway, where motorists had a right to believe no livestock would be. The defendant admits leaving the gate to the right of way open. It is not the escape of his horse from its corral that constitutes negligence, but his failure to close the gate. It was defendant's failure to close the gate that the trial court found to be negligence and a proximate cause of the accident, and which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produced the plaintiff's injury. We agree with the trial court in finding defendant negligent for leaving the gate open, and in its finding such negligence a proximate cause of plaintiff's injury. If it had not been for this negligence on the part of the defendant, the horse would not have gotten onto the highway and would not have been struck by the plaintiff's automobile, causing the damage to the vehicle.

The defendant alleges that the driver of the plaintiff's automobile was negligent in the operation of her vehicle, and he counterclaims for the value of his horse. The defendant cannot, of course, recover on his counterclaim against the owner of the vehicle which struck the horse, since we have found that he was negligent in leaving the gate to the interstate highway open, and that such negligence was a proximate cause of the collision between plaintiff's automobile and the horse. Whether the driver of the plaintiff's automobile was negligent in the operation of such vehicle is immaterial in this case. She was driving the family car at the time of the accident. This court has held that any negligence of a member of the owner's family is not imputable to the owner of such car so as to bar recovery by the owner for damage to the automobile proximately caused by the concurrent negligence of such family member and of the defendant. Michaelsohn v. Smith, 113 N.W.2d 571, 8 A.L.R.3d 1183 (N.D.1962).

We have examined the record in this case, however, and we find no evidence which would, in any event, justify a finding of negligence on the part of plaintiff's driver. She was operating the automobile with the lights on low beam and did not see the horse as it came out of the median to the left of the highway until the horse was within 150 to 200 feet, and it was too late to avoid collision. A careful examination of the evidence discloses no negligence on the part of the plaintiff's driver.

For reasons stated in this opinion, the judgment of the trial court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.